## KANSAS PACIFIC RAILWAY COMPANY v. WARD.

1. A railway company has the undoubted right to the exclusive use of its
   roadway, except at public crossings, for the unimpeded passage of its
   trains ; but notwithstanding this right the company is still bound to use
   ordinary care  to  avoid  injury to persons who  may be upon or near the
   track.

2. Whether there was not a want of ordinary care on the part of the defendant in this case, in running a freight train backward within the city limits, at the rate of seven or eight miles an hour, with many pedestrians passing along the side of its track, with a beam projecting a foot and a half beyond the side of the car, without brakemen, lookout or signal to give warning, was a question properly submitted to the jury.

3. The question of contributory negligence is a question for the jury, to be by them determined in view of all the circumstances of the case.

4. When the instructions given by the court are in the nature of a general charge, excepting to "each and every" of the instructions will not avail if any one proposition of law therein is correct; the same rule applies to a like exception to instructions refused, if any one proposition of law contained therein was properly refused.      Where instructions refused consist of separate and distinct propositions of law, each standing independent and alone, making it necessary for the court either to give or refuse them separately, an exception to the ruling of the court in refusing to give the said instructions "and each and every" of them, is sufficient.

5. The refusal of the court to give a proper instruction cannot be assigned for error where an instruction has already been given embracing the correct principle contained in the instruction asked.

6. Good practice requires that instructions be numbered.

7. The credibility of witnesses is for the determination of the jury, and this court is not at liberty to interfere, except where the verdict is not supported by the evidence.

*Appeal from District Court of Arapahoe County.*

THE facts are sufficiently stated in the opinion.

The fourth and sixth assignments of error were based upon the ruling of the court on the following questions propounded to defendant's witness at the trial:

Q. Just as that train was passed, then, state whether or not it was possible for the engineer and fireman to see the track in advance of the car?

Plaintiff objected. Objection sustained and defendant excepted.

Q. Now I will get you to state to the jury whether or not a person could, by looking at that train, tell which way it was going?

Plaintiff objected because immaterial and incompetent. Objection sustained and defendant excepted.

The following are the instructions asked by defendant, and which this court holds to have been properly refused :

"The jury are instructed that the presumption of the law is, in the absence of testimony upon the point, that the place where the accident complained of occurred was not the crossing of a public highway, and that if they shall find from the evidence that the accident occurred between the two tracks of the defendant, that the place where the same did occur was the property of the defendant.

"If the jury shall believe, from the evidence, that a bar was placed upon the front end of the flat car in the freight train that was ahead of the train, for the purpose, as supposed by the witness Ward, of protecting the load that was upon the car from falling off, and that this bar or beam extended out over the sides of the track a distance of one foot and a half, the jury are instructed that this is not negligence on the part of the defendant."

Messrs. SAYRE, WRIGHT & BUTLER, for appellant.

Mr. V. D. MARKHAM, for appellee.

ELBERT, J.  This is an action of trespass on the case, brought by the appellee against the appellant, to recover damages for injuries sustained by reason, as it is alleged, of the negligence of the appellant in running a certain train of cars, by which appellee was knocked down and so injured that amputation of his leg became necessary.

The jury returned a verdict for $3,750, and judgment was rendered for that amount.

The evidence on behalf of the appellee, touching the circumstances under which the injury was sustained, consisted alone of his own testimony.

The motion for nonsuit raised the question whether the plaintiff was entitled to recover on his own statement of facts.

The locality of the accident was not at a public highway or crossing, but at or near a foot-path leading diagonally to

and across the tracks of the defendant, and within the city limits.

A railway company has the undoubted right to the exclusive use of its roadway, except at public crossings, for the unimpeded passage of its trains. To travel upon the track laterally is negligence, and to do so in full view of an approaching train would, as a rule, be culpable negligence. Shearman & Redfield on Neg., §§ 489, 491.; *Phila. & Reading R. Co.* v. *Hummell*, 44 Penn. 375; *Evansville, etc., R. Co.* v. *Hiatt*, 17 Ind. 102.

The plaintiff, however, according to his testimony, which the motion for a nonsuit accepts as true, was not *on* the track of the defendant, but by the side of it, and sufficiently removed from it to be out of the reach of any danger from the passing train, but for the presence of a beam or tie, which lay across the end of the flat car, which was at the head of the train, having reference to the direction in which the train was moving.

It was "fair time," and defendant was running excursion trains along its track, to and from the city and the fair grounds. Many persons were passing to and from the fair grounds, along and near the track where the accident happened.

The plaintiff, on approaching the road along the foot-path, ran between the two tracks, which were about twelve feet-apart, not for an idle purpose, but to rescue a child which he thought to be falling from one of the windows of a passing excursion train.

The train by which he was injured was a freight train, consisting of three box cars, two flat cars and an engine; the box cars being next to the engine. The train was running backward, at the rate of twelve or fifteen miles an hour. The flat car in front was loaded with machinery, in connection with which, and perhaps to secure which on the car, the projecting beam was used; there was no lookout upon the advancing end of the train, nor any one on the train except on the engine; there was no warning given by

those in charge of the train, by whistle or bell, or other means of warning.

The plaintiff saw the freight train about one hundred and fifty yards away, but did not pay special attention to it; he could not see the engine, and thought it was standing still or going the other way. Not the car, but the projecting beam, struck him on the head, and knocked him partly under the wheels.

Notwithstanding the company's exclusive right to the use of its roadway, it is still bound to use ordinary care to avoid injury to persons who may be upon or near its track. What is ordinary care is to be measured, not only by the dangerous forces put in motion, but by the special circumstances of the time and place; running along a line within the city limits, more or less thronged with pedestrians, requiring a higher degree of care than when in the open country, with a presumably clear track. Shearman & Redfield on Negligence, § 477.

Under the facts as testified to by the plaintiff, there was a question, whether there was not a want of ordinary care, on the part of the defendant, in running its freight train backward within the city limits, with many pedestrians passing along the side of its track, to and from the fair, at the rate of speed testified to, with a beam projecting a foot and a half beyond the side of the car, without lookout, brakeman or signal to give notice or warning, and this question was properly submitted to the jury.

The question of contributory negligence on the part of the plaintiff was also a question for the jury, to be by them determined in view of all the circumstances of the case.

Being situated as he was, the plaintiff was bound to the exercise of peculiar care and caution to keep out of the way of the defendant's trains; but was he bound to anticipate a departure from the usual mode of loading freight cars, and be on the watch for beams projecting beyond the sides of the cars? He saw the freight train, but supposed

it going in the other direction or standing still. Did not the act of the defendant in running its train backward, without lookout or signal on or from the train, contribute to mislead him ? These were questions for the jury. The motion for nonsuit was properly overruled.

The fourth and sixth assignments of error are not well taken. In the one case, the evidence went to the jury notwithstanding the objection sustained by the court. In the other, the evidence offered was not competent.

It remains for us to examine the instructions of the court.

The objection made by the appellee, that the exceptions to the giving and refusing instructions by the court are to the instructions *en masse*, is well founded as to the instructions *given* by the court, but not as to the instructions *refused*. The instructions given are in the nature of a general charge to the jury, and cover three printed pages of the abstracts. "To the giving of which instructions, and each and every of them, the defendant, by its counsel, then and there excepted." This presents a different question from that passed upon in the case of *Webber* v. *Emmerson*, 3 Col. 248. That was the case of a general exception to "said instructions."

When the instructions given by the court are in the nature of a general charge, excepting to "each and every" of the instructions will not avail.

The rule is founded upon the proposition, that it is the duty of counsel to call the attention of the court trying the cause, particularly to the error complained of, that there may be an opportunity to correct it. This is due to the court and a fair administration of justice.

In the case of *Jones* v. *Osgood*, 2 Selden, 235, an exception "to the whole charge and every part of it," was held bad. Justice JOHNSON says: "The exceptions taken did not call the attention of the judge to the points which were claimed to be erroneous. They did not suggest to his mind what the counsel excepting would have him hold, or

wherein his charge was wrong. If the counsel had presented to the judge the two distinct points which he makes here, we cannot say how he would have disposed of them. It has been held, in many cases, that the party complaining of the charge of the judge must put his finger on the point of which he complains. If he does not do so, no court of review can regard it."

The exception under consideration can have no greater force than a general exception to the entire charge of the judge. It cannot be said that the charge in this case contains no single correct proposition of law ; on the other hand, although we are not called upon to inquire, we regard it as substantially correct. The rule laid down in the case of *Webber* v. *Emmerson* must be applied, as though the exception had been, in terms, general. It would follow that instructions of like character, *refused* and excepted to in like manner, would not be the subject of review in this court, if any one proposition of law contained therein was properly refused. The instructions, however, *refused* by the court in this case do not come within the rule. They are a series of separate and distinct propositions of law, each standing independent and alone, and against each of which the court was enabled to write on the margin the words "given" or "refused" as required by section 28 of chapter 70 of the Revised Statutes. They each enunciated some rule of law, which, the appellant claimed at the trial, should be given. As it was necessary for the court, to either give or refuse them separately, each particular proposition was therefore called to the attention of the court. *Davenport Gas-light, etc., Co.* v. *City of Davenport*, 13 Iowa, 237. Such being the fact the exception " to the ruling of the court in refusing to give the said instructions and each and every of them," was sufficient.

It is true the instructions are not numbered, as good practice requires ; and it is perhaps well to observe in this connection, that failure in this particular is the source of great trouble and annoyance to this court, as well as to all who

have to do with the case.   Where the instructions are in the nature of a general charge to the jury, it is but fair to counsel and litigating parties, that they be submitted to counsel, that an opportunity may be had to examine them, and except to such portions as they deem objectionable.

Considering the instructions in the order in which they stand, the first was properly refused.   The locality of the accident was fixed by the evidence at a point where there was no public highway or crossing, and it was not necessary for the jury to indulge in any presumption concerning it.   The right of property was a matter to be proved like any other fact; there was no presumption of law that it was in the defendant.

The second, third and fourth instructions were substantially embraced in the instructions already given by the court.

The fifth instruction was also properly refused, as it took from the jury the question of negligence respecting the manner in which the car of the defendant was loaded.

We find no error in this case which calls for a reversal. The evidence on the part of the defense, it is true, is in direct contradiction of the testimony of the plaintiff; but the jury evidently accepted the testimony of the latter as true.   It is not for this court to say it was not true.   The credibility of witnesses is for the determination of the jury ; and an appellate court is not at liberty to interfere, except when the verdict is not supported by the evidence.   *Taylor* v. *Randall*, Special Term, 1877.

The judgment of the court below is affirmed with costs.

*Affirmed.*