## KANSAS PACIFIC RY. CO. v. CRANMER.

It is now well settled that a plaintiff may recover in an action against a railroad company for injury sustained, notwithstanding his own negligence exposed him to the injury, if the defendant, after becoming aware of the plaintiff's danger, failed to use ordinary care to avoid doing the injury.

*Appeal from District Court of Arapahoe County.*

ACTION on the case. The facts are sufficiently stated in the opinion.

Messrs. SAYRE, WRIGHT & BUTLER, for appellant.

Messrs. HUGHES & WELBORN, for appellee.

Thatcher, C. J. This is a suit brought by the appellee for the purpose of recovering damages from the appellant by reason of his wagon being demolished and his horses killed by being run over by an engine of the appellant, the appellee being at the time in what is called the yard of the company for the purpose of unloading coal from certain cars. There is evidence tending to show that appellee was at the time of the accident in the yard of the railway company, between the tracks at a place not designated for the purpose of standing room, or driving way for the teams, sufficient facilities being afforded for the convenience and safety of the teamsters upon the opposite side of the coal cars ; but the space occupied by appellee with his team had before been used, both by himself and other persons, without any notice from the company not to use it, or that it was intended for a different purpose. The horses becoming frightened, backed the wagon upon the track before the train had reached them. The engine struck and destroyed the wagon and killed the horses. The verdict of the jury was for the plaintiff. The only alleged errors which appellant notices, and upon which he relies in argument, and the only ones we will therefore consider are based upon the giving of one instruction, and the refusal to give another. The instruction given alleged to be erroneous is as follows :

"If the jury believe, from the evidence, that the plaintiff had no right to be between the railway tracks of the defendant at the place where the alleged accident occurred, and that the accident occurred in consequence of the imprudence and negligence of the plaintiff, he cannot recover, *unless you also believe, from the evidence, that the defendant's engineer failed to exercise ordinary care after becoming aware of the plaintiff's danger.*"

The portion of the instruction in italics is objected to on the ground that no recovery should be allowed where there is contributory negligence on part of the plaintiff. It will be observed that under this instruction the plaintiff, even though a trespasser on the track, may recover if the defend-

ant, with knowledge of his danger, failed to exercise ordinary care to prevent it. The instruction refused announced a directly different doctrine, excusing the defendant from ordinary care; if plaintiff was wrongfully on or near the track, and thereby contributed in any degree to his own loss. If the one instruction was properly given, the other was properly refused. We think the instruction given announces the law correctly. If an engineer sees a person or animal on the track it is his duty to use at least ordinary care to avoid running over such person or animal. If he do not, and an accident follows, it may be said to be the result of gross negligence and wantonness. Shearman & Redfield in their book on Negligence, § 36, say: "It is now well settled that the plaintiff may recover, notwithstanding his own negligence exposed him to the risk of injury, if the defendant, after becoming aware of the plaintiff's danger, failed to use ordinary care to avoid injuring him." See, also, numerous cases there cited in support of the text. This rule is in substantial accord with the doctrine laid down in *The Denver & Rio Grande Railway Co.* v. *Olsen* (*ante,* p. 239).

The judgment will be                          *Affirmed.*