## KEITH ET AL. V. WELLS.

| 14 | 321 |
|---|---|
| 14 | 544 |

| 14 | 391 |
|---|---|
| 15 | 208 |
| 16 | 97 |
| 16 | 531 |

| 14 | 321 |
|---|---|
| 18 | 124 |
| 18 | 495 |

| 14 | 321 |
|---|---|
| 22 | 98 |
| 23 | 330 |

| 14 | 321 |
|---|---|
| 10a | 144 |

| 14 | 321 |
|---|---|
| f26 | 263 |
| 13a | 214 |

| 14 | 321 |
|---|---|
| 27 | 488 |

| 14 | 321 |
|---|---|
| 17a | 133 |

| 14 | 321 |
|---|---|
| 19a | 411 |

1. **PRACTICE IN ATTACHMENT OF CHATTELS — EXAMINATION OF WITNESSES BY TRIAL JUDGE AS TO COMPETENCY.**— In an action for the alleged wrongful attachment of a stock of goods, where there is a wide difference of opinion among witnesses as to its value, it is not improper for the trial judge to subject the witnesses to a searching examination as to their competency, to enable the jury to judge of the value of their testimony.

2. **EVIDENCE — READING TO THE JURY ENTRIES IN BANK DEPOSIT BOOKS.**— Where bank deposit books have been admitted in evidence without objection, their contents are before the jury for consideration; and it is not prejudicial error for the trial court to permit the bank teller to read their contents to the jury, though he has no personal knowledge as to part of the entries.

3. **ORAL CHARGE TO JURY BY CONSENT, AND INSUFFICIENT EXCEPTIONS THERETO.**— Where, by consent, the charge to the jury is given orally, an exception to the "giving of said charge, and each several proposition of law therein contained," without calling the judge's attention to any particular error, is insufficient to bring up for review alleged erroneous portions of the charge.

4. **PRACTICE IN SUPREME COURT — NO MOTION BELOW FOR NEW TRIAL, AND IMPERFECT BILL OF EXCEPTIONS.**— Where only part of the evidence given at the trial is preserved in the bill of exceptions, and a new trial was not asked for in the court below, the supreme court can review only errors of law occurring at the trial to which exceptions were duly reserved.

*Appeal from District Court of Arapahoe County.*

IN the early part of the year 1882 the plaintiffs, Osborne R. Keith and Alexander B. Adams, as copartners, etc., commenced suit against Margaret S. Withers, defendant, for the sum of $1,158.52 and costs of suit. The plaintiffs caused an attachment to be issued in said suit, and levied upon a certain stock of millinery as the property of the defendant. The conceded facts show that the defendant, for several years prior to the commencement of the action, was the owner and proprietor of a certain millinery business in the city of Denver. While the business was being so conducted, and upon the 21st day of March, 1882, Miss Withers went to Chicago to re-

plenish her stock. While there she purchased from the plaintiffs, O. R. Keith & Co., upon credit, the bill of goods for which she was sued in this action. Afterwards she made a confession of judgment in favor of Mrs. Wells for moneys claimed to have been advanced Miss Withers from time to time to assist her in the business; upon which confession judgment was immediately entered in the district court of Arapahoe county, and an execution issued. Upon this execution the stock was sold at public auction by the sheriff, Mrs. Wells being the purchaser. After the sale, Mrs. Wells took charge of the business, and continued it in her own name, replenishing the stock from time to time, for a period of about one year, at which time the plaintiffs, assuming that such confession of judgment was fraudulent as to the creditors of Miss Withers, caused the entire stock to be attached, and again sold as her property. In this suit a petition of intervention was afterwards filed by Mrs. Wells, in which she claimed to be the owner of the attached property, and sought to recover its value. Upon the issues raised upon this intervention the case was thereafter tried, the trial resulting in a verdict and judgment for the intervenor for the sum of $4,402.81, from which judgment the plaintiffs, Keith & Co., took this appeal.

Messrs. STUART BROS. & ANDREWS, for appellants.

Messrs. TILFORD & GILMORE, AMOS STECK and M. B. CARPENTER, for appellee.

MR. JUSTICE HAYT delivered the opinion of the court.

It is conceded that only a part of the evidence introduced upon the trial is preserved in the bill of exceptions. Of the amount and character of the evidence omitted we are not advised. For this reason alone, according to well-settled rules of practice, this court is precluded from

considering the evidence for the purpose of determining its sufficiency to support the verdict. An examination of the record discloses, also, that a new trial was not asked in the court below. Under these circumstances our review cannot be extended further than an examination of such errors of law as it is claimed intervened at the trial, and to which exceptions were duly reserved at the time; and very few exceptions of any kind appear in the record.

The first assignment of error is in relation to the testimony of Charles R. Pierce, a witness introduced by the intervenor. This witness testified that he was a teller of the Safe Deposit Bank, and identified certain books as the deposit books of Miss Withers in that bank, the entries in which were made by whoever happened to be at the counter at the time. At this point the books were introduced in evidence without objection. Afterwards the witness was permitted, against plaintiffs' objection, to read the contents of these books, although the witness had no personal knowledge in reference to a part of the entries, such entries having been made by others. As the books had been previously admitted in evidence without objection, their contents were before the jury for their consideration. Therefore appellants could not have been injured by the oral evidence of Pierce, and, consequently, are not in a position to complain of the action of the court in admitting the testimony of the witness against their objection.

The next error assigned is upon the testimony given in reference to the value of the property. The testimony upon this point shows that some difference of opinion existed between the several witnesses in reference to such value. Mr. Howland, a witness for the plaintiff, placed the value at about $2,500, while the other witnesses estimated the value at double that amount. Mrs. Wells, a witness in her own behalf, testified that in her judgment the property was at that time worth more than $6,000.

Appellants claim that this witness included the fixtures in her estimate, and that it was error to permit the testimony to go to the jury against plaintiffs' objection, as her competency to judge of the value of such fixtures is not shown. We think the full examination of this witness shows that her estimate was based solely upon the value of the millinery stock, without the fixtures. Aside from this, the objection now urged to her testimony was not made in the court below.

In connection with the evidence of Mrs. Wells, counsel for appellants call attention to the fact that the witness Howland was subjected to a searching examination in reference to his competency, by the presiding judge, before he was permitted to give an opinion as to the value of the property; the claim advanced being that the court exceeded reasonable bounds in conducting this examination, and that the questions propounded were of a character well calculated to prejudice the minds of the jury against the witness, and did actually destroy the effect of his answers. As we have seen, there was a wide difference of opinion among the witnesses in reference to the value of the property, and, under the circumstances, it is fair to presume that the court was of the opinion that the jury were entitled to the fullest information in reference to the competency of the witnesses testifying as to the value; and, as the questions propounded to the witness by the court were calculated to elicit information in reference to the knowledge of Howland on this subject, we are of the opinion that the error assigned is not well taken.

The third objection is to the cross-examination of Keegan, and to the testimony of Norris and that of Mrs. Wells, concerning a difficulty that she had had with Keegan. To all of this testimony there were but one or two objections made, and these were of the most general character. No exceptions were reserved, and it in no way appears that the objections now argued were called to the

attention of the trial court, and for this reason alone they ought not to be considered here.

We are also prevented from considering the errors assigned upon the charge of the court to the jury on account of the failure of counsel to call attention of the trial judge to the points which are claimed to be erroneous. By the express consent of counsel, the charge to the jury was given orally. In the printed abstract this charge occupies seven pages. At the close of the charge the court invited suggestions from counsel as to any exceptions which they might wish to make to the same, as is shown from the following colloquy taken from the record:

"Mr. Baxter (for plaintiff). We except to the charge, or portions of the charge. The Court. If there are any exceptions, I will hear any suggestions.

"Judge Steck (for intervenor). We note an exception, if your honor please, to the charge.

"Mr. Baxter. Note our exception also."

It is true in the bill of exceptions it is stated, generally, "that to the giving of said charge, and each several proposition of law therein contained, the plaintiffs at the time excepted. This language probably refers to the previous colloquy, and, perhaps, should be held to be limited by the more particular recitals of the same. Be this as it may, under the decisions, appellants are in no better position to have the charge reviewed in this court by reason of the subsequent recital.

In *Railway Co. v. Ward*, 4 Colo. 33, it is said: "When instructions given by the court are in the nature of a *general charge*, excepting to each and every of the instructions will not avail."

This rule is in entire accord with the decisions. Where the charge is given orally, as in this case, the judge will often fall into errors which would be corrected if his attention was called to them at the time, and counsel, being listeners, are more apt to notice such errors than

the judge himself, and, failing to call his attention thereto, they will be considered as waived.  Hayne, New Trial & App. § 128.  The exceptions, taken singly or together, did not call the attention of the court to any particular error in law of which counsel desired to complain. If the points which are now presented in this court had been called to the attention of the trial judge we cannot say what his ruling thereon would have been; and it would be manifestly unfair, not only to the trial court, but to the opposite party, to consider errors assigned to the instructions upon appeal, based upon matters that were not called to the attention of either upon the trial, or by a motion for a new trial.

The silence of the record upon these matters indicates either that the counsel then conducting the case for appellants were of opinion that they had but little cause of complaint upon the conduct of the trial, or that they purposely refrained from calling the attention of the trial court to many of the matters now complained of, in the hope that they would be overlooked below and furnish a ground for reversal here.  Whatever may have been the reason controlling them then, in deference to well-settled rules of practice this court will not undertake to review such matters when presented here for the first time.  *Webber v. Emmerson*, 3 Colo. 248; *Coon v. Rigden*, 4 Colo. 275.

By the last assignment of error the sufficiency of the plea of intervention is attacked.  As the plea filed seems to meet all the requirements of the statute, and is in substantial compliance with approved forms, it must be held sufficient, particularly as against an objection raised for the first time in this court.  Puter. Pl. & Pr. 633.

The judgment must be affirmed.

*Affirmed.*