McFeters v. Pierson et al.

1. A Mining Claim is Real Property.— A mining claim located on the public domain is real property, and the subject of complete ownership as a claim, and the locator thereof, or his successor in interest, having fully complied with the terms prescribed by congress for acquiring title thereto, is, so long as he continues such compliance, the owner of the claim for all practical purposes.

2. Meaning of the Term "Mining Claim."— The term "mining claim" means a parcel of mineral land containing precious metals, but is often used, in mining parlance, as synonymous with the term "location," and is applied to mineral lands located upon the public domain according to established rules, as under the act of congress antecedent to the entry for the government patent.

3. Meaning of the Term "Owner." — The term "owner," when used alone, imports an absolute owner, or one who has complete dominion of the property owned, as the owner in fee of real property; but its meaning is varied according to the connection in which it is used, and is to be understood according to the subject-matter to which it relates.

4. Action for Injury to Mining Claim.— A person having title to occupy a *mining claim* within any mining district of this state may maintain an ordinary civil action against any one trespassing thereon; and such action lies for injury to the growing timber as well as to the mineral product of the soil itself. To maintain such action it is not necessary that the owner of the mining claim should have an actual *pedis possessio* thereof. If he has complied *in good faith* with the requirements essential to a valid location, he is, so long as he continues such compliance, entitled to the exclusive possession and enjoyment of the claim against the whole world.

5. How Title and Possession Pleaded.— In a civil action for injuries to a mining claim, an averment by plaintiff that he is the owner and in the actual possession of the claim, describing it by name as situate in a certain mining district, county and state, and that the location certificate thereof is duly recorded in the records of said county, giving book and page, does not necessarily import that plaintiff is the owner in fee of the claim, and he is not bound to prove his title by patent from the United States.

6. Averment of Citizenship Not Necessary.— In an ordinary civil action for injuries to a mining claim it is not necessary for the plaintiff in the first instance to allege his citizenship and compliance with the act of congress for acquiring title to such claim, but he may make general averment of his title or possession, and this is sufficient in an action against a wrong-doer without right or title.

7. Objections and Exceptions to Instructions, How Preserved.—
   Where instructions to the jury are in the nature of a general charge,
   assignments of error thereon will not be reviewed in this court unless
   the record shows that the objections and exceptions pointing out the
   particular error or errors were specially made before the trial court.

*Error to District Court of Ouray County.*

This was an action brought by Pierson and others, plaintiffs, against McFeters and others, defendants. The complaint alleges, *inter alia*, " that plaintiffs are, and ever since the 12th day of October, 1886, have been, the owners of, and in the actual occupation and possession of, the John A. Logan lode mining claim, situated in Red Mountain mining district, county of Ouray and state of Colorado, location certificate whereof is duly recorded in book 29, on page 595, records of said Ouray county; that at divers times between the 20th day of October, 1886, and the 8th day of December, 1886, the defendants wilfully and unlawfully entered upon said above-described premises (the same being then in possession of plaintiffs, as aforesaid), and cut down and carried away trees and timber belonging to plaintiffs, standing and growing and being thereon, to the value of $600, and converted and disposed of the same to their own use."

The answer denies that plaintiffs were the owners of said mining claim, or that they, or either of them, were in the actual occupation and possession thereof as alleged in the complaint. The answer also traversed the entry, trespass and damages, as alleged.

The jury returned a verdict against defendant McFeters, assessing the damages at $500. Judgment was rendered against McFeters on this verdict. The other defendants were discharged. McFeters brings the case to this court by writ of error.

Messrs. Story & Stevens and T. J. Collins, for plaintiff in error.

Messrs. Stirman & Stewart and Pence & Pence, for defendants in error.

Mr. Justice Elliott delivered the opinion of the court.

On the trial it appeared that no patent from the United States had ever issued for the mining lode claimed by plaintiffs, and that their title was based upon their location certificate, and other evidence tending to show compliance with the laws of the United States relating to the acquisition of mineral lands.

Counsel for plaintiff in error contend that such evidence of title, however clear, is not sufficient to support the averments of the complaint; that the complaint avers ownership in the plaintiffs without qualification; and that such averment cannot be sustained, except by proof of a fee-simple title. The argument is that the locator of an unpatented mining-lode claim upon the public domain, not being in actual possession, and having no interest in the soil other than the mineral product, cannot maintain an action for cutting timber on such claim; that, before the issuance of the patent, the title to the soil and the timber thereon is in the United States; and that the United States alone has the right of action for the cutting and carrying away of such timber.

It is true, the term "owner," when used alone, imports an absolute owner, or one who has complete dominion of the property owned, as the owner in fee of real property; but the meaning of a word is often varied according to the connection in which it is used, and is to be understood according to the subject-matter to which it relates. The term "mining claim," meaning a parcel of mineral land containing precious metals, is often used in mining parlance as synonymous with the term "location," which means the act of appropriating a *mining claim* upon the public domain, according to law or established rules. *Smelting Co. v. Kemp*, 104 U. S. 648.

By the act of congress of May 10, 1872, all valuable mineral deposits in the lands of the United States, and the lands in which they are found, are declared to be open to

exploration, occupation and purchase. The mode of locating such lands is also provided for in general terms, and the locators are granted the exclusive right of possession and enjoyment of the surface included within the lines of their locations. Moreover, the lands thus located are spoken of as *mining claims*, and the locators as the *owners* thereof, antecedent to the entry for the government patent. R. S. U. S. 2319 *et seq.*

In *Gwillim v. Donnellan*, 115 U. S. 49, a suit brought to determine an adverse claim to mining lands, it is held that " a valid and subsisting location of mineral lands, made and kept up in accordance with the provisions of the statutes of the United States, has the effect of a grant by the United States of the right of present and exclusive possession of the lands located. * *. * . The location is the plaintiff's title." See, also, *Forbes v. Gracey*, 94 U. S. 767, and *Belk v. Meagher*, 104 U. S. 283, where it is declared that mining claims perfected under the law are property in the fullest sense of the term, and that the title thereto passes by descent or purchase the same as other real property.

Thus it appears that a mining claim on the public domain is real property and the subject of complete ownership *as a claim*, and that the locator thereof, or his successor in interest, having fully complied with the terms prescribed by congress for acquiring title to mineral lands, is, so long as he continues such compliance, the owner of the claim for all practical purposes. He is the owner before as well as after the issuance of the government patent, and is entitled to the exclusive possession and enjoyment against every one, including the United States itself.

From the foregoing it follows that when plaintiffs pleaded ownership of the mining claim, describing the same according to the location certificate thereof duly recorded, without alleging that their ownership was in fee, or that the government patent had issued therefor, such averment, being in ordinary language, and appropriate to the subject-matter of the pleading, did not import that they were the

owners in fee of the mining claim, and they were not bound to prove their title by patent from the United States.

It is further contended by counsel that there was a variance between the pleading and the proof, or rather a failure of proof in respect to the kind of possession alleged. It is conceded that the evidence tended to establish plaintiffs' claim to the premises under the mining laws of the United States and of this state, and that they had the qualifications required by law to entitle them to make a mining location; but it is insisted that plaintiffs were bound to prove themselves in the *actual* possession of the premises, as alleged in their complaint.

To maintain an action for injury to a mining claim, it is not necessary that the claimant should reside on the premises, nor that it should be inclosed or cultivated, nor that he should have a *pedis possessio* of the claim, according to the common acceptation of that term. Having made and marked the discovery, and filed his certificate, having performed and kept up the work necessary to perfect his claim, and having otherwise complied in good faith with the requirements essential to a valid and subsisting location, and being in the actual and lawful control of the claim, for the purpose of working or developing the same, he is, while continuing such relations to the property, entitled to the exclusive possession and enjoyment thereof against the whole world. Under such circumstances his possession must be considered sufficient to enable him to maintain an action against any one trespassing thereon; and such action lies for injury to the growing timber, as well as to the mineral product, of the soil itself. From a very early period the legislation of this state has expressly given such right of action to *any person who may have a title to occupy any mining claim within any mining district of the state.* See Rev. St. Colo. 1868, pp. 532, 533; also, Gen. St. 1883, §§ 2681, 2685.

In view of these statutory enactments, the defendants not having pleaded title in themselves to the *locus in quo,* the averment that the possession was actual, though broader

than necessary, cannot be justly allowed to work a reversal of the judgment. The term "actual" may be rejected as surplusage, and still the complaint contains every averment essential to the maintenance of plaintiffs' action. We remark, however, that the complaint is not to be commended as a model in cases of this kind. It is entirely immaterial whether or not plaintiffs had the technical possession requisite to the maintenance of trespass *quare clausum fregit* at common law; for since they were entitled to the *exclusive possession and enjoyment* of the mining claim, and *had title to occupy* the same, they could maintain a civil action under the code for any unlawful injury thereto committed by a stranger without right or title. 2 Wat. Tresp. § 918; Bliss, Code Pl. § 227; *Darst v. Rush*, 14 Cal. 82; *Coryell v. Cain*, 16 Cal. 567; *Armstrong v. Lower*, 6 Colo. 393, also 581; *Strepey v. Stark*, 7 Colo. 614; *Kendall v. Mining Co.* 9 Colo. 357; *North Noonday Min. Co. v. Orient Min. Co.* 1 Fed. Rep. 522; *English v. Johnson*, 17 Cal. 116; *Halleck v. Mixer*, 16 Cal. 574. See 2 Copp, Land-Owner, 114 (November, 1875).

It is further contended that the complaint is defective for want of necessary averments of citizenship. It is true, in a proceeding to settle adverse claims to mineral lands, the plaintiff must allege and prove that he is a citizen of the United States, or that he has declared his intention to become such, in order to obtain the patent; and, under the amendment of 1881, the defendant must make like averment and proof in order to succeed on his part. The supreme court of Idaho seems to have extended this doctrine to actions of trespass; though it was in a case where the defendants not only denied the title of the plaintiff to the mining claim, but also claimed to have located the same themselves. *Bohanon v. Howe*, 17 Pac. Rep. 583. But it seems to us there is reason for distinguishing, in the matter of pleadings, between a proceeding to settle adverse claims to mining property and a civil action for cutting and carrying away timber from such property. The former is a statutory

proceeding prescribed by act of congress, the very purpose
of which is to settle the title between contesting claimants,
and thus lay the foundation for the issuance of the govern-
ment patent. Hence, the pleadings must specially conform
to that object. The latter, under our procedure, is an or-
dinary civil action to recover damages from a wrong-doer;
injury to the possession is the gist of the action, and a money
judgment is the only relief sought. In actions of the latter
class it has always been allowable for the plaintiff to make
general averment of his title or possession in the first in-
stance. Besides, the capacity of the plaintiff to sue in an
ordinary civil action is generally presumed, and the burden
of controverting such authority, if attempted, rests upon
the defendant. No such attempt was made in this case.
The plaintiffs gave evidence that they, and each of them,
were citizens of the United States, and no contradictory
evidence was offered on the point. We see no reason to
doubt that the evidence was sufficient to satisfy the jury
that plaintiffs were citizens of the United States; that they
had complied with the requirements essential to the loca-
tion of a valid mining claim; and that their right thereto
was a subsisting one at the time of the injuries complained
of. 1 Chit. Pl. 195; 2 Wat. Tresp. § 987 *et seq.; Strepey v.
Stark, supra,* 618; *Jackson v. Dines,* 13 Colo. 90; *Thomas
v. Chisholm,* 13 Colo. 105; *Lee Doon v. Tesh,* 68 Cal. 50;
*Gwillim v. Donnellan, supra.*

It is suggested by counsel in argument that plaintiffs
below did not locate their mining claim, *in good faith,* for
the purpose of working and extracting the precious metals
therein found, but for the purpose of removing the timber
therefrom. To this suggestion all we can say is that the
matter is not presented by the record in such manner as
that we can take cognizance of it in this proceeding.

The instructions given by the court to the jury were in
the nature of a general charge. Objections were not made,
nor exceptions thereto reserved, before the trial court in
such a manner as to be available on this review, according

to the well-settled practice of this court, based upon the soundest principles of justice. *Webber v. Emmerson*, 3 Colo. 248; *Railway Co. v. Ward*, 4 Colo. 30; *Coon v. Rigden*, id. 275; *Keith v. Wells*, 14 Colo. 321.

As counsel in their argument have not pointed out any errors occasioned by the refusal to give instructions prayed by defendant, we shall not undertake to consider them. The judgment of the district court is affirmed.

*Affirmed.*