| 23 | 95 |
| 24 | 535 |
| 23 | 95 |
| 25 | 7 |
| 23 | 95 |
| f26 | 311 |

## MILLER ET AL. v. THE PEOPLE.

1. APPELLATE PRACTICE.

The evidence in a criminal case must be preserved in the record, or it will be assumed upon review that it was conclusive of the defendant's guilt.

2. SAME.

Error cannot be assigned upon the giving or refusing of instructions to which no objection or exception was taken at the trial.

3. SAME.

It is indispensable in all cases that a *bona fide* effort should be made in the trial court to correct errors in its instructions in order that assignments thereon may be available upon review. An exception to instructions *en masse* will not suffice.

*Error to the District Court of Arapahoe County.*

PLAINTIFFS in error, Henry A. Miller, Joseph Vernon and Mike O'Brien, were convicted in the district court of the crime of robbery, and each sentenced to three years confinement in the state penitentiary.

It is alleged, in the information, that the crime was committed on the 10th day of July, A. D. 1895, one Nels Christian being the victim. The defendants were arrested shortly after the offense was committed and taken before a justice of the peace for preliminary examination. As a result of an investigation, they were bound over to await the action of the district court. The trial in the district court was had on the 27th day of August, 1895, and the same day the jury returned a verdict of guilty. Upon September 9th sentences were imposed. To reverse these judgments the defendants bring the case here upon error.

Mr. J. W. TAYLOR, for plaintiffs in error.

THE ATTORNEY GENERAL and Mr. CALVIN E. REED, of counsel, for the People.

CHIEF JUSTICE HAYT delivered the opinion of the court.

The defendants stand convicted of a very grave and heinous crime.  They have not brought the evidence to this court for our inspection or review.  In these circumstances we must assume that the evidence fully justifies the verdict of the jury.

Under similar circumstances, the supreme court of Illinois, in the case of *Cochlin v. The People*, 93 Ill. 410, uses the following language : " We are unable to say what the evidence against the defendant in error was, for the reason he has not preserved it in the record.   But we are justified in assuming that it was conclusive of his guilt, and contained nothing of a palliating character ; otherwise his counsel would have taken advantage of it by preserving it in the bill of exceptions.  * * *  We must therefore start out with the crime confessed upon the record, without a single circumstance to mitigate its enormity."

Upon this record, we think we are justified in holding plaintiffs in error strictly to the rules governing reviews in this court.   A large number of errors are assigned, but only two are relied upon, namely, *first*, the failure of the court to instruct as to the law concerning grand or petit larceny ; *second*, the instruction upon the defense of *alibi*.   As to the first of these assignments of error, it is only necessary to say that the district court was not requested to instruct the jury in reference to either grand or petit larceny.   If the defendants desired an instruction as to these offenses, they should have asked for it.   It was not the duty of the court to instruct upon these matters in the absence of such request.  Whether it would have been proper to have given such instructions, if requested, is a question not now before the court.

As to the second assignment of error, the defendants have entirely failed to comply with rule 11 of this court, which provides, *inter alia :* " * * * When the error alleged is to the charge of the court, the part of the charge referred to

shall be quoted *totidem verbis* in the specifications; *Provided*, Where the charge is divided into separate paragraphs or instructions, which are each duly numbered, and error is assigned as to one or more entire paragraphs or instructions, it shall be sufficient to designate the part of the charge referred to by giving the number prefixed to each paragraph or instruction so assigned for error."

Of course, the court may waive this requirement, and it may also, in its discretion, notice any error not assigned, but it would be of doubtful propriety to waive any requirement where the guilt of the defendants is established.

Aside from this, no proper objection or exception was taken in the trial court to the instructions. It is as well settled as any principle of practice, that in criminal as well as in civil cases, courts of review only sit for the purpose of reviewing questions which were presented below. Any practice which would permit counsel to sit by and permit the trial court, through inadvertence or otherwise, to fall into error, without making some effort to correct the same, is certainly not to be encouraged.

To this practice is due much of the adverse criticism upon the delays incident to the administration of the criminal law in the American states; delays which often result in shielding criminals from merited punishment, and work a miscarriage of justice. We think where defendants are represented by able counsel, they should be held to a compliance with those salutary rules which experience has shown necessary to the due administration of justice and the protection of the state. For a statement of such of these rules as are applicable to the record under consideration we quote from the decided cases.

In *Wray v. Carpenter*, 16 Colo. 271, it is said: " Appellant is not in position to raise this question; * * * the record should * * * show that by some proper objection he invited the trial court's attention to the alleged error, and thus gave an opportunity for its correction at the time."

In *Kansas Pacific Ry. Co. v. Ward*, 4 Colo. 30, the in-

structions were in the nature of a general charge, and the exception was taken as follows: "To the giving of which instructions, and each and every of them, the defendant, by its counsel, then and there excepted." If was held insufficient.

In reference to a similar charge, this court, in the case of *Keith v. Wells*, 14 Colo. 321, said: "Where the charge is given orally, as in this case, the judge will often fall into errors which would be corrected if his attention was called to them at the time, and counsel, being listeners, are more apt to notice such errors than the judge himself, and, failing to call his attention thereto, they will be considered as waived. The exceptions, taken singly or together, did not call the attention of the court to any particular error in law of which counsel desired to complain." See, also, *Lincoln v. Claflin*, 7 Wall. 132; *Beaver v. Taylor et al.*, 93 U. S. 46; *Ayrault v. Pacific Bank*, 47 N. Y. 570.

The general rule in criminal cases is the same as in civil, and in criminal cases errors may be waived by failing to object at the proper time. *Ryan v. The People*, 21 Colo. 119; Bishop's Crim. Proc., 117–126; Elliott's App. Proc., sec. 290, *et seq.*

By consent, the charge of the court in this case was given orally, and afterwards reduced to writing. It occupies several typewritten pages, and the only exception taken to such charge was at its conclusion, when counsel said, "To which instructions and each and all thereof, and to each and every paragraph thereof, the defendants then and there duly excepted." This manner of taking exceptions has been repeatedly condemned as we have shown. It does not direct the attention of a court to any particular one of the many legal propositions enunciated in the charge. So far as enlightening the trial court, as to the particular objection now relied upon, counsel might as well have remained silent. In criminal as well as in civil cases a *bona fide* effort should be made in the trial court to correct errors in order that assignments thereon may be available upon review.

Of the nature, amount or character of the evidence of an *alibi*, or whether it covers the whole or only a portion of the time of the commission of the offense charged, we are not advised ; therefore the guilt of these defendants must be presumed upon this appeal in the absence of the evidence from the record, and the judgment will be affirmed.

*Affirmed.*