No. 11,742.

OWEN *v.* HEIM, ET AL.

Decided July. 9, 1928.

Mr. W. R. RAMSEY, for plaintiff in error.

Mr. J. J. WHITE; for defendants in error.

*Department One.*

MR. JUSTICE BURKE delivered the opinion of the court.

THESE parties appeared in reverse order in the trial court and we hereinafter so refer to them.

Plaintiffs brought ejectment to oust defendant from certain mining claims. She moved to make the complaint more specific. The disposition of that motion is not disclosed by the abstract. It was, however, apparently overruled. Defendant also demurred for want of facts, legal capacity, and ambiguity. The demurrer was overruled, answer filed, and the cause tried to a jury. At the close of plaintiffs' evidence defendant's motion for nonsuit was overruled. That motion was renewed at the close of all the evidence and plaintiffs moved for a directed verdict. The abstract shows that this last motion for nonsuit was overruled and the motion for a directed verdict sustained and such verdict actually returned. The bill of exceptions shows that these two motions were held equivalent to waiver of a jury and submission of the cause to the court, and that thereupon the court found for plaintiffs and entered judgment accordingly. Some language in the complaint seems to justify the contention that it alleges possession in both parties. The prayer was for restoration of possession to plaintiffs, for $250 damages and costs, and for an injunction. The answer admits the recording of plaintiffs' location certificates and denies all other allegations of the complaint. It sets up no title in defendant and contains no allegations of right of possession. Since the complaint alleges that defendant "wrongfully entered" and "wrongfully withholds," if the complaint is defective the answer is even more so. The findings and judgment award plaintiffs possession and costs, but do not mention damages nor injunction. Instead of attempting

to bring order out of this chaos, in which technical reasons might be found for either reversal or affirmance, we conclude that by going to trial both parties waived these defects, and since from the whole record we gather that each claimed the right of possession and that the other had no such right, and that the case was tried on that theory, we will so consider it. Many of the assignments, deserving of no serious consideration, are disposed of by the foregoing.

The evidence is most imperfectly abstracted. The general character of twenty-three exhibits is briefly indicated, but we are left entirely in the dark as to their contents. They consist of letters, maps, location certificates, affidavits, deeds and a decree of court. We must assume they were admissible, and, so far as they relate to the judgment, that they support it.

It is quite evident that plaintiffs were owners of certain location certificates of lode mining claims known as Storrs Nos. 1, 2, 3, and 4, and had been in possession thereof. We have examined with care so much of the evidence abstracted as bears upon the question of their compliance with the law. Without detailing that evidence here suffice it to say that we think it supports the judgment. Defendant located her "Novella" claim on plaintiffs' property, took possession and sunk her discovery shaft. The record discloses no right in her. It seems a clear case of claim jumping. Her counsel insists that she is entitled to judgment because plaintiffs failed to prove citizenship. Such proof is unnecessary in an action of this kind. 40 C. J. p. 881, § 387; *McFeters v. Pierson,* 15 Colo. 201, 24 Pac. 1076. Defendant's authorities to the contrary were suits in support of adverse claims and are not in point.

The complaint as filed contains a slight ambiguity in the matter of description by reason of the omission of the letters and figure "No. 4" (clearly a clerical error) and much is made of it. Plaintiffs asked and were granted leave to amend by interlineation. The abstract

298

.does not show the amendment. Counsel for plaintiffs say the bill does. It is immaterial. If the insertion was not in fact made no prejudice can possibly have resulted.

The remaining assignments are not seriously urged and require no further notice. The judgment is affirmed.

MR. CHIEF JUSTICE DENISON, MR. JUSTICE WHITFORD and MR. JUSTICE WALKER concur.