R. E. LEE MACKEY, BY NEXT FRIEND, *v.* THE CITY OF
VICKSBURG.

1. MUNICIPAL CORPORATION.    *Negligent use of private property.    Liability for
injury to child.*
   A municipal corporation is liable for an injury to an infant of six years result-
   ing from its negligence in improperly excavating and removing dirt from
   private property under its control.

2. SAME. *Infant.    Liability for injury to.    Case in judgment.*
   When a municipal corporation makes excavations on its private property, or
   property under its control, in such manner as is reasonably calculated to
   entice a child of six years from its inclosure at home, and to pursue a path-
   way leading to a dangerous excavation, and to enable it to take such course,
   it is the duty of such corporation to guard against such contingency by
   obstructing the pathway, and if it fail so to do it is liable to the child for
   any injury resulting from such negligence.

3. SAME. *Infant.    Contributory negligence.*
   It cannot be inferred as a matter of law from any given conduct of an infant
   of six years that such infant has been guilty of contributory negligence, but
   if presented by plea the question may be submitted to the jury whether by
   reason of precocity negligence may be imputed to the infant.

4. SAME. *Action against by infant.    Negligence a question of fact.    Infant a tres-
passer.*
   In an action by an infant to recover damages for an injury alleged to have

resulted from his falling into an excavation made by a municipal corporation in such manner as to enable the plaintiff to escape from the inclosure of his home, and to invite him to the precipice whence he fell, it is a question of fact for a jury whether the corporation, by the exercise of reasonable forethought, should have anticipated and avoided the danger to the plaintiff, and if negligent in that respect the corporation is not relieved from responsibility by the fact that the plaintiff was a trespasser when the injury occurred.

APPEAL from the Circuit Court of Warren County.

HON. RALPH NORTH, Judge.

The case is stated in the opinion of the court.

*J. T. Coleman,* for the appellant.

It is not necessary, in order to charge the city with responsibility, that its negligence should be the efficient or acting cause of the injury; if the injury would not have occurred but for such negligence that is enough. In grading the hill the defendant carelessly, negligently, and recklessly deposited the earth on the adjoining lot of Mackey, by which alone his child was enabled to escape, and was invited to escape, from the inclosure where it was absolutely safe, and thus to incur the great, if not irresistible, temptation to wander and satisfy its infant curiosity, unconscious of its imminent peril. The city not only provided this way for the child to escape from the yard, but connected it with a deadly trap in the shape of a narrow and dangerous and unguarded pathway leading up and around the hill. This is something more than non-feasance, it is positive action—the result, consequence, or outworking of the want of such care as should have been exercised by the defendant. *Hayes* v. *Michigan Ry. Co.,* 4 S. C. Rep. 373; *Milwaukee & St. Paul Ry. Co.* v. *Kelly,* 94 U. S. 469.

The evidence of the circumstances, showing negligence on the part of the defendant, which may have been the legal cause of the injury to the plaintiff, according to the rule laid down and established in *Railroad Co.* v. *Stout,* 17 Wallace 657, and *Randall* v. *B. & O. Ry. Co.,* 109 U. S. 478, should have been submitted to the jury.

The question of contributory negligence, even if it had been contended for by defendant, does not arise in the case. The single question, therefore, for present decision is whether the allegations

of the declaration are sufficient to show a cause of action which should justify the court in submitting the facts to a jury. We respectfully refer to the following decisions : *Atlanta* v. *Wilson,* 59 Ga. 544; *Wilson* v. *Atlanta,* 60 Ib. 473 ; *Chicago* v. *Heising,* 83 Ill. 204; *Chicago* v. *Mayor,* 18 Ib. 349 ; *Neblet* v. *Nashville,* 12 Heisk. 684 ; 2 Dillon on Municipal Corporations 1018.

*Catchings & Dabney,* on the same side.

The error of the circuit court in sustaining defendant's demurrer and dismissing the suit is patent.

If all that is alleged in the declaration is true, it is impossible for the city to escape liability.

Municipal corporations are held to the same care and are subject to the same liability for negligence as individuals. *Semple* v. *Mayor and Aldermen of Vicksburg,* 62 Miss. 63 ; Dillon on Municipal Corporations (3d ed.), § 968 ; *Perry* v. *City of Worcester,* 66 Am. Dec., notes, 436 and 438 ; *Wallace* v. *City of Muscatine,* 61 Am. Dec. 131.

This latter case is thought to be especially in point.

We cite as authorities on the case generally, and involving the law with reference to injuries suffered by children by negligence of others, the following: Thompson on Negligence 1129, 1140, §§ 1181, 1184, and 1185 *et seq.;* see, also, Ib. 304, 305, and 306.

*The rule in the United States,* 1194, 1195, and here the " R. R. Turn-table Cases" are cited, which are not so strong as this case.

It will be observed that the courts take judicial notice of the natural instincts of children, and require the public and all persons to use reasonable or ordinary care in what they do to prevent injury to children who are indulging their natural instincts. Thompson on Negligence 1195.

Children, being without discretion, are treated much as domestic animals in this respect, or, rather, are held to little if any more care for their own protection, and therefore cannot be said to be guilty of contributory negligence.

In a recent case in Arkansas it was held that where a pit under a cotton gin near a highway was dug, leaving cotton seed scattered about it, the owner of a cow which fell in the pit could recover.

*Jones* v. *Nichols,* 55 Am. Rep. 575; see, also, *Crogan* v. *Schiele,* Ib. 88; *Schmidt* v. *Kansas City Dist. Co.* (S. C. Mo., Nov. 15, 1886); 2 Cent. Law Jour., § 574, Dec. 10, 1886, 573, 574, and 559; *City of Chicago* v. *Hesing,* 25 Am. Rep. 378.

The case of *Keffe* v. *Milw. & St. P. R. R. Co.,* 18 Am. Rep. 393. *Patrick Henry,* for the appellee.

We hold that the whole and entire damage done was caused by the plaintiff's own wrong and negligence. Cooley on Torts 605, 606, 660; *Henessee* v. *City,* 54 Miss. 391.

As to the child being of tender age, such a one who climbed, and walked, and strayed from the parents' premises a distance of a hundred yards, we claim was *sui juris. Down* v. *New York Railroad,* 47 N. Y. 83.

There is no averment that the parents of the child used the care and diligence requisite to keep the child from mischief and harm. 2 Thompson on Negligence 1184, §§ 33 and 34.

The declaration does not aver that the city owned the hill in which the excavation was being made, and does not show that said excavation was left there for a longer period than was necessary. 1 Thompson on Negligence 303, 304, and 305.

The city of Vicksburg is not liable for trespass and damages done by the servant of the city unless some specified duty is ordered to be performed, such as ministerial duties. *Semple* v. *City of Vicksburg,* 62 Miss.; *Walcot* v. *Swampscott,* 1 Allen 101; *Condict* v. *May et al.,* 16 Vroom, N. J.

When a child comes upon defendant's premises some distance from the highway, as in this case, and falls over an embankment, there is no liability on the defendant. *Hargraves* v. *Dewer,* 25 Mich. 1; *Gillespie* v. *McGown,* 100 Pa. St. 144.

COOPER, C. J., delivered the opinion of the court.

This is an action brought by an infant of six years to recover from the city of Vicksburg damages for an injury received by him in falling over the precipitous side of a hill near his residence in said city. The declaration states that the city, for the purpose of procuring earth, with which it was then making necessary repairs

on its streets, " did carelessly and unskillfully dig down, grade, excavate, and remove portions of a certain hill or elevation of land in said city known as Sky Parlor Hill, contiguous to the plaintiff's residence, and so threw the dirt, earth, and rubbish from said hill upon the rear side of said lot or yard of plaintiff's residence as to enable and invite plaintiff, being a minor of tender years, to wit, of the age of six years, to escape from the inclosure around and about said yard and residence; and defendant otherwise dug and graded said hill so as to make a narrow and dangerous pathway up and along said hill leading from and connected with said place of escape to the top of said hill, and so wrongfully and carelessly and negligently permitted the same to be unguarded, unprotected, unsafe, and dangerous while said defendant was engaged in its work, and in such condition as to enable and invite said plaintiff to escape from said yard and along said pathway up the side of said hill ; and plaintiff avers that on the day and in the manner aforesaid, by passing over the said place of escape, he being such minor of tender years, escaped from the yard and inclosure of his residence and strayed and wandered up and along said pathway to a high point thereon, from which point he fell a great distance, to wit, a distance of seventy-five feet, whereby he was greatly injured, etc., and sustained damage to the amount of fifteen thousand dollars, for which he sues."

The defendant demurred and assigned for causes :

1. That the declaration shows no cause of action.

2. The declaration shows the plaintiff was an intruder.

3. No duty incumbent on the defendant was violated.

4. The declaration does not show that the plaintiff exercised ordinary or proper care.

5. The injury resulted from plaintiff's own wrong.

6. The plaintiff was guilty of contributory negligence.

The demurrer was sustained and plaintiff appeals.

Under the first cause of demurrer it is argued by counsel for the city that it is not shown by the declaration either that the city was the owner of Sky Parlor Hill or was in possession or control thereof. This position is clearly untenable.   It is charged that the city was

engaged in the excavation of the hill, and that the injury resulted from its failure to guard the dangerous pathway and precipice while it was doing this work. We do not appreciate the distinction between ownership or possession and that control over the property which must be inferred from the facts stated. It is not as though the city was merely taking from the land of another certain earth delivered or sold to it by the owner of the premises, leaving the owner in control of the property and responsible for the dangerous condition into which it might be left by the excavation and grading; the natural and necessary inference is that the city had such control and dominion over the land as to enable it to do the work according to its own direction, and that *pro hac vice* it was owner thereof.

Whatever conflict of authority may exist upon the extent of the liability of municipal corporations for the torts of its officers and agents, responsibility seems to be universally recognized where the injury arises from the improper use of its private property, held for corporate and not public uses. 2 Dillon on Mun. Corp. 985.

The 4th, 5th, and 6th grounds of demurrer present substantially the same defense—that the plaintiff was guilty of contributory negligence.

It cannot be inferred as matter of law that the plaintiff, an infant of six years, could be guilty of contributory negligence. Whether, notwithstanding his tender years, precocity of judgment may be shown as matter of fact, sufficient to impute to him appreciation of the danger into which he entered and obligation to avoid it, cannot be determined upon demurrer. There is certainly no presumption of law that an infant of his age is capable of even that slight degree of care and prudence the absence of which in an adult would be the grossest negligence. The plea of contributory negligence is a defense in confession and avoidance of plaintiff's action, whereby the defendant is saved not by his own freedom from fault, but solely because the plaintiff, being also a wrongdoer, cannot appeal to the law for redress. If the plaintiff had entered upon the land of the defendant and done injury there, for such injury he would have been responsible, notwithstanding his

tender years; but it is a totally different thing to say that negligence may be imputed to him. A lunatic or a cow may trespass, but negligence which is a want of reasonable care cannot be predicated of the act of a creature devoid of reason and governed wholly by its instincts. *Huchting* v. *Engel,* 17 Wis. 238 ; *R. R. Co.* v. *Stout,* 17 Wall. 660 ; *R. R. Co.* v. *Gladman,* 15 Wall. 401 ; *Smith* v. *O'Connor,* 48 Pa. St. 218 ; *O'Mara* v. *R. R. Co.,* 38 N. Y. 445; Cooley on Torts 105; *Keffe* v. *R. R. Co.,* 21 Minn. 207.

The second and third grounds of demurrer may be considered together; the second is, that the plaintiff was a trespasser; the third is, that, being such trespasser, the defendant owed him no duty.

It is unnecessary to consider whether any liability would have rested upon the defendant if nothing further had been alleged than that it cut a precipice upon a part of Sky Parlor Hill, and that plaintiff went upon the hill, fell therefrom, and was injured. It is averred in the declaration, and the demurrer admits it to be true, that the defendant deposited the dirt cut from the hill upon the rear of the plaintiff's lot, by means whereof he was enabled and invited to escape from his inclosure and to go upon the precipitous and dangerous path cut along the hill and leading from the place of escape to the point of danger from which he fell. Under these circumstances we think a question of fact is presented which ought to be submitted to the jury. Whether what was done was reasonably calculated to entice a child, following its instincts of curiosity or love of liberty, to escape from the yard and enter upon the dangerous path is determinable as a question of fact and not of law. If the defendant by the exercise of reasonable forethought could have anticipated the probability of the child's action it should have guarded against the danger by removing the earth or obstructing the pathway. If it failed so to do, it failed in a duty which rested upon it, and is not relieved from responsibility even though the child was a trespasser in going upon the premises. *Hydraulic Works Co.* v. *Orr,* 83 Pa. St. 332 ; *Gramlich* v. *Wurst,* 86 Ib. 74 ; *Keffe* v. *W. Milwaukee R. R. Co.,* 21 Minn. 207 ; *R. R. Co.* v. *Stout,* 17 Wallace 657.

*The judgment is reversed, the demurrer overruled, and cause remanded.*