PATRICK FINN v. THE VALLEY CITY STREET & CABLE
RAILWAY COMPANY.

*Negligence—Street railway—Question for jury.*

1. Passengers upon street-cars are entitled to sufficient time in
   which to get off, and the duty of the carrier is not discharged
   until the passenger is free from the car.[1]
2. Where a plaintiff testifies that a street-car did actually move
   while he was attempting to alight, and that such movement
   threw him to the ground, causing the injury for which suit is
   brought, the question of the probability or possibility of the
   movement of the car is for the jury, and not for the court.

Error to Kent. (Burch, J.) Argued April 24, 1891.
Decided May 8, 1891.

Negligence case. Plaintiff brings error. Reversed.
The facts are stated in the opinion.

*Eggleston & McBride,* for appellant.

*Thompson, Temple & McCormick* and *Tateum & Blair,*
for defendant.

McGRATH, J. This is an action on the case for negli-
gence. At the conclusion of the plaintiff's testimony the
court directed a verdict for defendant, and plaintiff
appeals.

The defendant operates a cable street railway on North
Ionia street in the city of Grand Rapids. Plaintiff was
a passenger, and, while alighting from the car, was by
the movement of the car thrown down upon the ground
and injured. At the time the train consisted of a grip-

---

[1] See *Upham v. Railway Co.,* 85 Mich. 12.

car and one coach. The terminus of the line is a few rods beyond Legrand street, and plaintiff's destination was Legrand street. The conductor occupied the front platform of the coach in which plaintiff rode. As the cars approached Legrand street plaintiff went out upon the front platform of the coach, and waited for the cars to be stopped, and, when stopped, he attempted to alight, and just at that moment the conductor disconnected the coach from the grip-car, turned off the brakes on the coach, and made a jump for the grip-car, which had started forward, whereupon the coach started in the opposite direction, taking plaintiff's feet from under him, and throwing him violently to the ground. Plaintiff was the only witness called as to how the accident occurred, and he does not explain what caused the movement of the coach, except as aforesaid. Counsel for defendant moved for a verdict for defendant, claiming that on a track perfectly level such a movement of the car was impossible, and the court directed a verdict as requested.

Passengers upon street-cars are entitled to sufficient time to get off, and the duty of the carrier is not discharged until the passenger is free from the car. Plaintiff had testified that the coach did actually move, and that such movement threw him to the ground. In view of this testimony, the question of the probability or possibility of the movement of the car was for the jury, and not for the court. It appeared that there was a very slight down grade in the direction in which the coach moved; and whether the sudden release of the brake or the conductor's jump from the coach to the grip-car, or both, caused the movement of the coach and the plaintiff's fall, should have been left to the determination of the jury. It was the duty of defendant not only to refrain from doing any act, under the circumstances, which would cause the coach to move, but to

take such precaution as would prevent it from moving while a passenger was in the act of alighting from the car.

The judgment will be reversed, and a new trial granted, with costs of this Court to plaintiff.

CHAMPLIN, C. J., MORSE and GRANT, JJ., concurred. LONG, J., did not sit.