THE HECTOR MINING COMPANY v. ROBERTSON.

22  491
15a 222

1. CONTRIBUTORY NEGLIGENCE.

Although the plaintiff may have been guilty of contributory negligence, this will not prevent a recovery if the defendant, with knowledge of his exposed condition, by the exercise of ordinary care might have prevented the injury.

2. TRESPASSER—DAMAGES.

Even a trespasser is entitled to protection as against any willful, unlawful, wanton or malicious injury, and he may recover for injuries so inflicted.

*Appeal from the District Court of San Miguel County.*

ACTION for personal injuries. Verdict and judgment for plaintiff for twenty-five hundred and eighty-nine (2589) dollars. Defendant appeals.

Mr. JOHN KINKAID, for appellant.

Messrs. HOGG & FITZGERRALD, for appellee.

CHIEF JUSTICE HAYT delivered the opinion of the court.

At the time of the injuries complained of, one W.·R. Beattie had a license to work the dump on the Bradley mine in San Miguel county, Colorado, and plaintiff and others were employed by him in sorting ore thereon. The defendant was working the Cimarron mine, and for that purpose was using, by permission, certain tunnels on the Bradley mining claim. These claims are situate on a steep mountain side, the Cimarron being above the Bradley.

The appellant, The Hector Mining Company, had previously purchased the Cimarron mine and obtained the privilege of working the same in part through the Bradley property. Appellee was on the dump upon the Bradley, working the same with others at the time of receiving the injuries complained of. The injuries were occasioned by the appellant company discharging from the Cimarron mine, and the ore house thereon, rock and débris, whereby a piece of rock and débris was hurled against and struck the plaintiff with great force, by means of which he was seriously injured and rendered insensible for a time, his left eye permanently injured and destroyed, and his right eye injuriously affected.

It appears from the plaintiff's witnesses that W. R. Beattie purchased the dump on the Bradley property sometime in the spring of 1890, and worked the same at intervals from that time forward until the date of the accident, at times prosecuting the work as an individual enterprise and at other times in connection with others, whom he had associated

with him in the enterprise.    The dump consisted of ore dumped out during the early days, when one hundred dollar ore was considered low grade and not worth transportation and milling charges.    Beattie was thus working this dump when The Hector Mining Company bought the Cimarron mine.    The Bradley mine being below the Cimarron, the dump was principally on the Bradley ground.    During the year 1892 Beattie was engaged in sorting and removing the ore from this dump with a number of men, including the plaintiff, and The Hector Mining Company was working the Cimarron mine.

The evidence shows that the trouble between the employés of The Hector Mining Company and Beattie and his employés dated back to the fall of 1890, at which time The Hector Mining Company commenced working on one of the lower levels, dumping the waste down over the old Cimarron dump on the Bradley claim.    Beattie testified that he went up and told the foreman, Mr. Wilson, not to dump over this ground, because it was interfering with the prosecution of work by him, and that he had four or five hundred tons of selected ore, more or less, piled up and ready to go to the mill, which ore was being covered up by the defendant company.    Beattie further testified that Wilson said that he would stop dumping at that place.

In the spring of 1892 Beattie went up to work the dump, as was his usual custom, putting on a crew of men sorting over the dump, preparatory to removing the ore for treatment to a mill which he had erected at a point further down the mountain.    In a short time the men working for Beattie began to complain that rock was being rolled down upon them by the employés of the defendant company.    Thereupon Beattie again went up and notified Mr. Wilson that he was endangering the lives of the men by dumping in that particular spot.    In the meantime The Hector Mining Company had built a track so as to take the waste to a point beyond, thereby avoiding the danger to Beattie's men working on the dump below.    Mr. Wilson promised to use this

track, but evidently did not do so, as the rocks kept rolling down from time to time as before until the plaintiff was injured.

Manifestly, if the evidence of plaintiff and his witnesses is to be relied upon, the company was guilty of the grossest negligence. It was repeatedly warned that it was endangering the lives of the men below working upon the dump. The evidence further shows that these men were in plain view of each other, so that Beattie's men, working upon the dump, could be seen from above by the employés of the defendant company, and the peril of the former was plainly apparent.

The jury may therefore have determined that the defendant was guilty of such gross carelessness as amounted to willful misconduct, and, if this be true, the conduct of the plaintiff in working in an exposed place will not relieve the Mining Company from liability. In the case of *Denver & Berkeley Park Rapid Transit Company v. Dwyer*, 20 Colo. 132, it is said : " Although the plaintiff may have been guilty of contributory negligence, this would not prevent a recovery, if the defendant, with knowledge of his exposed condition, by the exercise of ordinary care might have prevented the injury, it was its duty to do so, and failing in this, the plaintiff may recover."

This qualification of the general rule of negligence has been frequently announced by the courts, and it is said there is no conflict of authority upon the subject. *Kansas Pac. Ry. Co. v. Cranmer*, 4 Colo. 524 ; *The Chicago, R. I. & P. Ry. Co. v. Crisman*, 19 Colo. 30 ; *Inland & S. C. Co. v. Tolson*, 136 U. S. 572; Shearman & Redfield on Negligence (3d ed.), sec. 36 ; *The Chicago W. D. Ry. v. Ryan*, 131 Ill. 474.

In the district court the plaintiff attempted to show in part, by oral testimony, that his employer had a license to occupy and work the dump at the place and in the manner in which the work was being prosecuted at the time of the accident. To this evidence the defendant objected and renews its objection in this court, although the proof was

afterwards supplemented by written evidence. The objection, however, was not well taken. The only object of the testimony was to show that plaintiff was lawfully upon the premises at the time of the injury, and this could be shown as well by oral testimony as by written.

We judge from the objections made in the district court, and from the argument made in this court, that the defendant company believed that, if plaintiff was a trespasser, it could injure and maim him, without incurring any legal liability, but the law does not hold human life so cheap. It extends its mantle of protection even to a trespasser as against any willful, unlawful, wanton or malicious injury. Wharton on Law of Negligence, sec. 340.

The defendant introduced evidence to show that it was not aware of the danger to which it was subjecting the plaintiff and those working with him, also evidence to show that Wilson, the foreman, had instructed the men not to dump rocks at that particular point while the plaintiff and others were at work, but the strong preponderance of the evidence seems to be in corroboration of the case made by the plaintiff. It is sufficient, however, for the purposes of this review, to say that the jury decided in favor of plaintiff upon conflicting evidence, and the result cannot be disturbed by this court.

Some complaint is made of the instructions of the trial court. The instructions, which are very full and complete upon the main issues upon which the jury were called to pass, are in harmony with the law as herein expressed. If they are open to criticism at all, it is because they are more favorable to the defendant than the law will warrant.

The judgment of the district court will be affirmed.

*Affirmed.*