ELIZABETH MORRISON v. CHARLOTTE ELECTRIC RAILWAY, LIGHT AND POWER CO.

(Decided December 13, 1898.)

### Contributory Negligence.

1. Where the plaintiff is injured by the negligence of the defendant, contributory negligence on the part of the plaintiff is matter of proof, not of conjecture.

2. It is not error in the court to omit to give elaborate hypothetical special instructions when not sustained by proof.

Civil action for damages for injuries received by plaintiff as a passenger on defendant's street-car through its alleged negligence, tried before *Starbuck, J.*, and a jury, at October Term, 1898, of Mecklenburg Superior Court.

The evidence was that while plaintiff was in the act of stepping off the car, it was started, and she was thrown upon the ground and injured very badly.

The defendant relied upon the defence of contributory negligence, in that plaintiff did not get off sooner, and did not use due care in getting off.

The evidence was conflicting as to the time and manner of plaintiff's stepping off the car.

The charge of his Honor was excepted to by the defendant, and is quoted in the opinion.

There was a verdict and judgment for the plaintiff. Appeal by defendant.

*Messrs. Burwell, Walker & Cansler*, and *Osborne, Maxwell & Keerans*, for defendant (appellant).

*Messrs. Jones & Tillett*, for plaintiff.

Furches, J.: On the 12th of September, 1897, about 7 or 7:30 p. m. the plaintiff and her sister, Mrs. Grier, took passage on the defendant Street Railway in the City of Charlotte. They notified the conductor that they wished to get off at Sixth Street. The car stopped at Sixth Street for 10 or 12 seconds, when it started again, while plaintiff was in the act of getting off, and she was thrown on the ground or pavement and injured. There was no dispute or conflict in the evidence but what the car started to move while plaintiff was in the act of getting off, and that she was thrown to the ground and injured by the fall.

There was some conflict in the evidence as to where she was and as to what position she occupied when the car started to move. The plaintiff testified that she and her sister occupied the same seat ; that her sister was nearest the side on which they wished to alight ; that when the car stopped, she at once arose and stood up but waited for her sister to get off before she moved to the side of the car where she wished to alight ; that as soon as her sister got off, she undertook to do so, and while she was on the "running board" and before she got on the ground, the car started, throwing her upon the ground, from which fall she received serious and permanent injuries.

The defendant's evidence tended to show that she did not arise from her seat and stand up when the car stopped, and did not until the car started; that she had ample time to have gotten off ; that she undertook to get off with her face towards the rear end of the car and that her injury was caused by her own negligence, or, if her negligence was not the sole cause of her injury, that it contributed to her injury, was the proximate cause thereof, and that she cannot recover. This car was what is called an open car in which the seats ran clear across the car and the passengers alighted from the side. From the evidence, there was not more than a dozen passengers aboard, if that many.

The negligence of the defendant was not contested in the argument here. The finding of the jury on the first issue settled that question. But the defendant filed eleven lengthy prayers for instruction on the contributory negligence of the plaintiff, all of which it seems to us might have been reduced to two or three, if the learned counsel had had more time to prepare them. None of them were given by the court, except as they

may be covered by the charge.   The defendants' counsel
contended that the car stopped long enough for the
plaintiff to get off and if she got hurt by the car start-
ing before she got off, it was her own fault—negligence.
The defendant also contended that she got off with her
face turned the wrong way and that this was her fault
—negligence ; that these contributed to her injury and
were the proximate cause of the same.

It would be difficult to see how this could be so, from
any view of the evidence, when it was admitted that
she was injured by the car starting while she was in the
act of getting off, even if it be admitted that 10 or 12
seconds is sufficient time to allow a woman to get off
the car, and that she did not move as quickly as she
might have done ; still the defendant was guilty of the
grossest negligence in starting the car when she was
getting off in plain view of him.   He must necessarily
have seen her if he was paying attention to his duties ;
and if he was inattentive to these duties and started the
car without seeing her, he was guilty of gross negli-
gence.   This being so, and it being shown—admitted—
that her injury was caused by starting the car, over
which she had no control, it is difficult to see how the
manner in which she was getting off contributed to,
and was the proximate cause of the injury ; or that the
length of time—ten or twelve seconds—could have con-
tributed to, and have been the proximate cause of the
injury.

But the court charged the jury that "if the plaintiff
did not arise and start to get off before the signal to
start the car was given, then in no view can you answer
the first issue 'yes.'"

The issues were as follows : 1.  "Was the plaintiff in-

123—27

jured by the negligence of the defendant?" Ans. "Yes." 2. "Did the plaintiff by her own negligence contribute to her injury?" Ans. "No." There was no objection as to the third issue.

The court further charged the jury upon the second issue as follows : "It was the duty of the plaintiff, in her manner of stepping off the car, to exercise the care reasonably to be expected of a person of ordinary prudence under the circumstances, and a failure to observe such care was contributory negligence."

"If the plaintiff stepped off in the opposite direction to that in which the car was moving then—if the car was not moving as she started to take the last step— she was not negligent in stepping off in this manner. If the car was moving, it was for the jury to say whether, under the circumstances, in stepping off in the opposite direction she failed to exercise the care of a person of ordinary prudence. If it was a failure to exercise ordinary care, the jury should answer the second issue 'Yes.' "

If the question of contributory negligence was presented by the evidence (and it seems to us that it was not) the court has complied with the law in presenting it to the jury. *Hinshaw* v. *Railroad*, 118 N. C., 1047, which has been since cited with approval in a number of cases.

This case is very much like *Crawford* v. *Railroad*, 111 N. C., 597, except that the facts in this case are more favorable to the plaintiff than were those in that case. In that case (which was an open street car), the car stopped two minutes and the conductor claimed that he did not see her getting off ; and, in that case as in this, the defendant claimed the plaintiff (Mrs. Crawford) had time to have gotten off, and that it was her own

negligence not to have done so, and that the conductor did not see her. But the court held that it was his duty to have seen her, and held the road liable. In that case JUSTICE CLARK dissented and SHEPHERD, C. J., concurred in the dissenting opinion. But this dissent was not as to the merits of the case, but as to a question of abuse of privilege by counsel.

Affirmed.