Haynes, J.
This action was brought to reverse the judgment of the court of common pleas in a personal injury case. The case *228 is one that presents an interesting question of law, and it has been argued upon a single question of law which goes to the foundation of the plaintiff’s right to recover.
Briefly, the plaintiff, a boy, now of thirteen years, and perhaps about eleven years of age at the time of the occurrence, was playing upon certain grounds belonging to the Ann Arbor Railroad Company, near its track, at a point where there had been an excavation made in a bank for the purpose of cutting down a grade and leveling off some land for the use of the railroad company for its tracks. At this point the bank was about thirteen feet high and had been excavated with a steam-shovel, which, in its movements, described a curve making a curved space near the base of the embankment which went towards the top quite perpendicularly but left to some extent an overhanging portion of the bank. After this work had been done the boys went down and occupied it for the purpose of playing of base ball and continued to do so for a period of fourteen or fifteen months, perhaps, and smaller boys gathered for the purpose of witnessing the games, and during that time were in the habit of amusing themselves digging the earth out of the bank with their fingers, or sticks, and in one or two instances it is said with a pick, and made it into balls and threw it at each other and played in that way; and while they were so engaged, a portion of this bank so overhanging fell onto the plaintiff, • and injured him \ ery seriously.
It is contended on behalf of the railroad company that it owed no duty to these boys, playing down there on its land and occupying its premises, in regard to the safety of the persons who came there. On the other hand, it is claimed on the part of the plaintiff that' the defendant owed a duty to these boys whether they were trespassers or licensees; at least they were in the habit of going there with the knowledge of the defendant and playing in the manner that I have described.
The question is an interesting one, but I shall not attempt to enter upon a discussion of it at present to any great extent. The proofs and authorities upon this subject are found in Thompson’s last work on Negligence, the last edition, where there is a very full and able discussion and a citation of a great .many authorities on the subject. Mr. Thompson ■ concedes,— *229 more in anger than in sorrow, I think — that the late trend of decisions has been against holding the owners of property under these circumstances liable, but thinks the law should be otherwise, and that it should be as he has stated it in a former edition. It is true there is a great diversiLy of decisions and a great contrariety of opinions on this subject, opinions diametrically opposed to each other and delivered with great learning and ability by courts of high standing. This is a case, as it will be perceived, where the owner of the property had upon its premises created or permitted a condition of affairs that was dangerous to boys; it is said here in the petition, that it was a place where boys would naturally gather and congregate naturally, to play around this bank, and that allegation seems to be true, and in the view we take of it, sitting as we do as a subordinate court, < we think our first duty is to inquire what the law of Ohio is upon this question and what is the trend of decisions on the part of the supreme court of this state.
Smith & Beckzvith, for Plaintiff.
Hamilton & Kirby, for .Defendants.
Perhaps the most important case which presents itself is that of Railroad Company v. Harriman, in 45 Ohio St. I think a perusal of that case and of the cases there cited and the discussion of the court and its decision show that the supreme court of this state tends to the doctrine of liability on the part of the owner of property under those circumstances, to a person, who either as a trespasser or licensee, goes on there, and may be injured.
. Holding those views and believing that we stand upon the decision of the supreme court, we feel compelled to hold in this case that the judgment of the court of common pleas should be affirmed, and leave it to the supreme court — where the case will undoubtedly go — and where it ought to go — for their final decision, either modifying the previous views they have held, or affirming them and laying down the law of the state of Ohio. Certainly it is an interesting question and should be passed upon by that court. The judgment of the court of common pleas will, therefore, be affirmed, reasonable cause certified and no penalty allowed. «

Note — Hamilton & Kirby, for Defendant in Error cited:
Sioux City & P. R. Co. v. Stout, 84 U. S., 657. (17 Wall.) Bennett v. Louisville R. R. Co., 102 U. S., 577; N. P. R. Co. v. McDonald, 152 U. S., 262, 270, 273; Bellefontaine & Ind. Ry. Co. v. Snyder, 18 Ohio St., 399; Harriman v. Ry. Co., 45 Ohio St., 11; Bellman v. Brewing Co., 9 C. C., 277; Toledo Real Estate & Investment Company v. Putney, 20 C. C., 486; Lynch v. Murdin, 1 Q. B., 29 (Leading case.); Powers v. Harland, 53 Mich., Braun v. Labrol, 81 Ky., 638; Davis v. Ch. & N. W. Ry. Co., 58 Wis. 646; Black’s Law and Practice in Accident Cases, 89; Cooley on Torts, 604-7; Wharton on Negligence, sections 349-52; Thompson on Negligence, secs. 304, 1129, 1104, 1181-4 & 5; 2 Sherman & Redfield on Negligence, 1222.
Where children are on defendant’s road under an implied license the company owes them a -duty to abstain from injuring them carelessly or negligently. 37 N. Y., 637; 66 N. Y., 248; 41 N. Y., 525; 64 Miss., 777; 60 Ark., 545; 90 Mo., 284; 83 Ky., 119; (Child 14 years of age in R. R. yards).
Excavations by a municipal corporation on private land. Boy fell down bank made by city. 64 Miss., 777; Child swinging from a gate which fell. (Court sustained liability of R. R. Co. Knew of children being in habit of going there.) 53 Kan., 279. Deep pit in a populous city, 154 Ill., 141. Child walking into a pool of hot water, 60 Ark., 545. Liability for negligent injury of trespasser after knowledge of his presence, Herrick v. Wixone, 80 N. W., 117. (Mich.) 81 N. W., 333; 22 Colo., 491.
Keeping by waterworks company in its grounds deep reservoirs attractive to small boys who came there with its permission to play, is liable if one of them falls in and is drowned. Price v. Water Co., 58 Kan., 551. Followed in 60 Kan., 217.
Owner_liable where elevator is maintained and held to hold out implied invitation to five year old child, and liable for injury from unsafe condition of his property. Siddall v. Jansen, 168 Ill., 43.
Unguarded tank for reception of hot mash, child injured; heldt owner liable. Findlay Brewing Co. v. Billman, 9 C. C., 278; See Defiance Water Co. v. Olinger, 54 Ohio St., 532; Bradford Glycerine Co. v. Mining Co., 60 Ohio St., 560 ;Railway Co. v. Shields, 47 Ohio St., 387; Powers v. Harlow, 53 Mich., 50.
Railway company required to fence in its tracks and grounds. Sec. 3334, R- S.