[No. 6393.]

MONTGOMERY v. THE COLORADO SPRINGS AND INTER-URBAN RAILWAY COMPANY.

1. **Contributory Negligence—Not a Bar to Plaintiff's Action,** if the defendant, before the injury, knew of the plaintiff's peril, and might, by ordinary care, have avoided the injury.—(214)

2. ——**Position of Peril Produced by Defendant**—If the plaintiff is put in peril by the defendant's negligence, the latter cannot avail of the plaintiff's mistakes or errors of judgment, in attempting to escape the peril, as contributory negligence.—(215)

3. **Instructions — Matters Not in Controversy —** The jury should not be required or allowed to pass upon matters not in actual controversy in the case. An instruction which submits a question upon which no claim is made, or evidence .given, by either party, is error.—(214)

4. ——**Multiplicity of,** disapproved.—(216)

5. **Precedents—Authority—**An opinion is authority only upon the point decided.—(214)

6. **Cases Overruled, Distinguished or Explained —** Denver, etc., Co. v. Spencer, 25 Colo. 9, explained and distinguished.—(214)

7. **Passenger Carrier—Street Railway Company—Duty to Passenger Alighting**—The conductor of a street railway car must not only stop his car long enough to allow the passengers to alight, but he must exercise ordinary care to see that no passenger is in the act of alighting before he again sets the car in motion.—(216)

*Error to El Paso District Court*—Hon. WILLIAM P. SEEDS, Judge.

Plaintiff alleges: July 13, 1903, defendant, operating a street railway in Colorado Springs, undertook, for hire, to carry her and a five-year-old child

to the corner of Tejon and Cucharas streets; that the car stopped at said corner, and she attempted to get off with said child, and while she was alighting with the child, the car suddenly started, and she was thrown down and injured. The answer denies negligence and pleads generally that her own negligence was the cause of said accident.

Plaintiff, with an afflicted boy having the greatest difficulty in walking or standing alone, accompanying her, took the car at Tejon and Van Buren streets, for Tejon and Cucharas streets; the conductor helped him aboard. The car was an open one, having seats from side to side, with three steps: the first seventeen inches from the ground, the next fourteen inches higher, and then a seven and one-half-inch step to the platform floor of the car, and the passengers got off from the side. She testified, as the car neared her destination, she rang the bell; it stopped, and she immediately stepped down and was attempting to help the boy off for the purpose of leaving the car, when it suddenly started up, and she was thrown down and injured.

The conductor testified that he did not know her destination; that she did not ring the bell; that a Mr. Reed rang the bell and the car stopped; that plaintiff gave no signal, nor indicated in any manner a desire to leave the car; that after Mr. Reed alighted, he started the car, and when it was in motion, while in motion, she stepped down on the running board, and pulled the boy with both hands, and when his hold broke from the seat, she fell off the car. Instructions 10, 11, 13 and 15, given to the jury, are as follows:

"10. Although the jury may believe from the evidence that defendant was guilty of negligence which contributed to the injury in question, if any, still, if the jury find from the evidence that plaintiff was also guilty of negligence which directly contrib-

uted to the injury, if any, then the plaintiff cannot recover in this suit unless the jury should find from the evidence that defendant's conductor, after becoming aware of the danger to which plaintiff exposed herself, might, by the exercise of ordinary care, have avoided the injury, and such conductor was guilty of such conduct as would indicate an intention or willingness to cause the injury.

"11.   The jury are instructed that if you believe from the evidence that the defendant company stopped its car in question at the intersection of Tejon and Cucharas streets in the City of Colorado Springs, for a length of time reasonably sufficient to enable any passengers, including the plaintiff and the accompanying child, to alight from said car, and after the lapse of such reasonable time said car was started by defendant's employees, without any knowledge on their part that the plaintiff was alighting from said car with said child, if she was so alighting, and plaintiff was thereupon thrown to the ground and received any injuries, the defendant is not liable therefor and your verdict must be for the defendant.

"13.   The jury are instructed that if you believe from the evidence that plaintiff, while standing on the running board of the car, attempted to break the hold of the child accompanying her upon the seat of the car, while such car was in motion and known to be so by her, and in so doing, and while she was not holding on to any portion of the car, but was holding and pulling said child with both hands, she fell therefrom and received the injuries complained of, then she cannot recover and your verdict must be for the defendant.

"15.   The jury are instructed that in order to entitle the plaintiff to recover it must appear not only that the defendant company, through its employees, negligently started the car in question while

plaintiff was in the act of alighting, but also that plaintiff was thrown from said car thereby; and further, that when plaintiff discovered the car to be in motion, she was in a position where she could not refrain from alighting or being thrown therefrom, and was compelled to continue to alight; and unless you find in favor of the plaintiff by a preponderance of the evidence on all of these matters, your verdict must be for the defendant."

Verdict for the defendant. Motion for a new trial overruled. Judgment on verdict. The case is here on error.

Mr. W. J. CHINN for plaintiff in error.

Mr. DAVID P. STRICKLER, Messrs. DINES, DINES & HOLME for defendant in error.

Mr. JUSTICE GARRIGUES delivered the opinion of the court:

1. By Instruction 10, the court in effect told the jury that if the negligence of both contributed to the injury, plaintiff could not recover, unless the conductor, after he became aware of her danger, was guilty of conduct showing a willful intention to injure her, and the defendant might, by the exercise of ordinary care, have avoided the accident. There was no theory of the case, or evidence, calling for this instruction. Plaintiff testified the car was put in motion while she was alighting. Defendant's theory was, that she kept her seat until the car started, when she attempted to get off. Plaintiff made no claim, and there was no proof, that she was in a position of peril and defendant could have avoided injuring her by the exercise of ordinary care. Neither was there the slightest pretense that the conductor willfully or intentionally caused the injury. The claim and proof of neither party raised any

controversy calling for this instruction. The jury should neither have been required or allowed to pass upon matters not in actual controversy in the case. As a legal proposition the instruction is wrong. Assuming, for the sake of argument, that she negligently placed herself in a position of danger; still she could recover if the conductor willfully or intentionally injured her. If he did not willfully or intentionally do so, she could nevertheless recover, if he knew of her perilous position and might, by the exercise of ordinary care, have avoided injuring her. —*Denver Co. v. Dwyer,* 20 Colo. 137; *Hector Co. v. Robertson,* 22 Colo. 495; *Denver Co. v. Dwyer,* 3 Col. App. 411; *Posten v. Denver Co.,* 11 Col. App. 192; *Griffith v. Denver Co.,* 14 Col. App. 511; *Oliver v. Denver Co.,* 13 Col. App. 551; *D. & R. G. Co. v. Buffehr,* 30 Colo. 39; *Nichols v. C., B. & Q.,* 44 Colo. 516.

The case of *The D. & R. G. R. R. Co. v. Spencer,* 25 Colo. 9, is cited as an authority supporting the instruction. It is evident it was not intended to hold in that case, that both must concur before the plaintiff could recover. No such case was before the court. The instruction in that case in effect told the jury: If the deceased was guilty of contributory negligence, then plaintiff could not recover, unless the conduct of the defendant was willfully and wantonly reckless. The question of a recovery, if the defendant could, by the exercise of ordinary care, have avoided the injury, notwithstanding the negligence of the plaintiff, was not before the court. An opinion is only authority on the point decided. If the court had intended in that case to decide, before a plaintiff guilty of contributory negligence can recover, the evidence must show that the defendant, by the exercise of ordinary care, might have avoided the injury, and also in addition to that, that the de-

fendant willfully and intentionally inflicted the injury, it would not have cited as an authority supporting the position, *Denver Co. v. Dwyer*, 20 Colo. 132; which holds that the plaintiff may recover in such a case, if the evidence shows that the defendant, by exercising ordinary care, could have avoided the injury.

2.   By instruction 15, the court in effect told the jury that before the plaintiff could recover, it must appear not only that the defendant negligently started the car while she was alighting, but, when she discovered the car to be in motion, that she was in a position where she could not refrain from alighting or being thrown therefrom, and was compelled to continue to alight.   If the defendant, by negligently starting the car, placed her in a position of peril, it cannot complain because she committed an error of judgment in not instantaneously choosing the best course.   If the car started while she was alighting, she was not obliged to abandon the child.   Suppose she committed an error in judgment in clinging to the child instead of clutching the car; the company is in no position to complain on account of such error in judgment.—*Silver Cord C. M, Co. v. McDonald*, 14 Colo. 196; *Denver Co. v. Dwyer,* 20 Colo. 136; *Union Pacific Co. v. Kelley,* 4 Col. App. 335; *Walters v. Electric Light Co.*, 12 Col. App. 150; *Allen v. Florence Co.*, 15 Col. App. 213.

3.   By Instruction 11, the jury were told in effect that if the car stopped long enough for the passengers, including the plaintiff with the child, to alight, before starting it up again, and the conductor had no knowledge she was alighting, the jury should find for the defendant.   This instruction applies to steam railways running on schedule time across the country, but not to street railways.   Mere lack of knowledge on the part of the conductor that she was

alighting was not sufficient. If the conductor had been paying attention to his duties, he must necessarily have seen the plaintiff, if she was attempting to alight. It was not sufficient for him to stop the car long enough for her and the other passengers to alight. Before he started the car again, it was his duty, at least, to exercise ordinary care in seeing that no passenger was alighting.—*Anderson v. Citizens' Co.,* 12 Ind. App. 194, 38 N. E. 1109; *Washington R. R. Co. v. Harmon,* 147 U. S. 580; *Denver Tramway Co. v. Rush,* 19 Col. App. 70; *Morrison v. Charlotte Co.,* 123 N. C. 414, 31 S. E. 720; *Birmingham Ry. Co. v. Smith,* 90 Ala. 60, 8 So. 86; *Highland Ave. R. Co. v. Burt,* 92 Ala. 291, 9 So. 410; *Birmingham Ry. Co. v. Wildman,* 119 Ala. 548, 24 So. 548; *Behen v. St. Louis Trans. Co.,* 186 Mo. 430; *Finn v. Valley City R. Co.,* 86 Mich. 74, 48 N. W. 696; *Chicago Ry Co. v. Mills,* 105 Ill. 63.

4. The issues and evidence in this case were very simple, they suggest but two theories, with two propositions of law governing them; one, that the car was stopped and the defendant was alighting when it was started; the other, that the plaintiff remained in her seat when the car stopped, and attempted to get off after it was in motion, while it was in motion. One simple instruction would have covered both these theories. Three instructions, one on the issues, one on the two theories of the case, and one on the measure of damages, if the jury found for the plaintiff, would have made the case simple to the jury. Instead of this, the court gave eighteen instructions, which must have been confusing. While we do not say that this, of itself, is reversible error, still we suggest the impropriety of giving so many instructions.

We express no opinion on Instruction 13. If

the case is retried, the following of this opinion will obviate the necessity of giving said instruction.

*Reversed.*

CHIEF JUSTICE CAMPBELL and Mr. JUSTICE HILL concur.