## No. 8759.

## BARR *v.* COLORADO SPRINGS AND INTERURBAN RAILWAY COMPANY.

1. CONTRIBUTORY NEGLIGENCE—*Last Clear Chance.* Even though the plaintiff has negligently placed himself in a situation of danger, yet if defendant becomes aware of his danger, or by the exercise of reasonable diligence might have been aware of it, in time to avoid doing him injury, but negligently proceeds, plaintiff entitled to his action. Plaintiff driving upon the highway approached the tracks of defendant's railway, driving cautiously, looking both ways, and seeing nothing. At the moment when his horses came upon the track he saw a car within two hundred feet of the crossing and approaching at speed. He immediately lashed his horses, in the hope to accomplish the crossing, but was overtaken and struck by the car. There was evidence that the motorman had a clear view of the crossing, while plaintiff's view in the direction from which the car approached was obstructed; that no signal was given from the car, and that the car might have been stopped in time to avoid injury to plaintiff. *Held* that the case was a proper one for the plaintiff of the doctrine of the Last Clear Chance.

2. *Instructions Misleading.* Though in one instruction the true rule is prescribed for the guidance of the jury, if in other points of the charge a rule is laid down which may lead to a different result, and this without any qualification or explanation, it being impossible to know by which direction the jury were governed, a new trial must be awarded.

*Error to El Paso District Court, Hon. W. S. Morris, Judge.*

Mr. SAMUEL H. KINSLEY and Mr. JOHN A. CARRUTHERS, for plaintiff in error.

Messrs. CHINN & STRICKLER, for defendant in error.

Mr. Justice Hill delivered the opinion of the court:

The plaintiff in error seeks to recover damages for personal injuries sustained upon account of being struck by a street car of the defendant company, when attempting to cross its tracks at a crossing in Colorado City. The verdict was in favor the defendant.

The evidence is conflicting, for which reason we cannot agree with the contention of plaintiff that it is insufficient to support the verdict. For the same reason, we cannot subscribe to the contention of the defendant that a nonsuit should have been granted. There is testimony tending to show, that before the plaintiff attempted to cross the street car track with his team and carriage (in which were several tourists), he substantially complied with the railroad rule of "stop, look and listen"; that upon failing to see or hear a car coming, he proceeded and was not aware of any danger until the car was so close that it was impossible to avoid the collision; that upon account of the physical conditions, the motorman either saw, or, by the exercise of ordinary care and diligence, could have seen him in time to have avoided the accident; that the street car was coming from the west, going east toward Colorado Springs; that while the track was clear for quite a distance east, plaintiff could not see very far west at the point where he approached the crossing, upon account of trees which interfered with the view; that the motorman could have seen the horses before the plaintiff could have seen the street car; that the plaintiff was going north; that when he first looked for street cars he was approaching The Denver & Rio Grande railroad track, which, at that point, runs parallel with the street railway's tracks; that when he crossed the Rio Grande tracks he looked both ways, but saw nothing; that he then jogged his horses along until they approached the street car tracks, when he pulled up until his horses almost stopped; that during this period he repeatedly looked both ways, and saw nothing; that just as the team was getting on the track, and when their front feet were on the track, he heard this car coming and commenced slashing the horses, but that it was too late to avoid the accident, which resulted in the loss of one of his arms, etc.; that when he first noticed the street car approaching, it was about two hundred feet from him; that it was then running about twenty mile per hour; that he heard no gong or signal, and there is testimony of other witnesses that none was

given. There is also testimony concerning the car's equipment, the time necessary within which it could be stopped, etc., after the motorman could have seen the vehicle on the track, etc. This testimony presents a case wherein an instruction concerning the last clear chance doctrine is proper.

*Kansas Pac. Ry. Co. v. Cranmer,* 4 Colo. 524; *Denver & Berkley P. R. T. Co. v. Dwyer,* 20 Colo. 132, 36 Pac. 1106; *Hector M. Co. v. Robertson,* 22 Colo. 491, 45 Pac. 406; *D. & R. G. R. R. Co. v. Buffehr,* 30 Colo. 27, 69 Pac. 582; *Philbin v. Denver C. T. Co.,* 36 Colo. 331, 85 Pac. 630; *Nichols v. C., B. & Q. R. R. Co.,* 44 Colo. 501, 98 Pac. 808; *Denver City T. Co. v. Wright,* 47 Colo. 366, 107 Pac. 1074; *Montgomery v. Colo. Springs Int. Ry. Co.,* 50 Colo. 210, 114 Pac. 659; *Catlett v. Colo. & So. Ry. Co.,* 56 Colo. 463, 139 Pac. 14.

By instruction No. 7 the jury were told that it was the duty of the motorman to exercise reasonable care, etc., and if they found, etc., that the plaintiff was, at the time and place in question, in a position of immediate peril of being struck by the car, etc., and that the motorman saw him, or by the exercise of reasonable care, could have seen him in such position of danger, if any, in time to have slackened the speed of said car, or to have stopped the same, in the exercise of reasonable care, and thus avoided the accident, but negligently failed to do so, and if they further found, etc., that by reason of the carelessness or negligent act of said motorman, if they found him to have been careless or negligent, the vehicle in which the plaintiff was riding was struck, and the plaintiff was thrown out of the same and thereby was injured, that then their verdict should be for the plaintiff, even though they found, etc., that the plaintiff negligently placed himself in a dangerous proximity to the car, etc.

It is agreed that this instruction correctly states the law applicable to this case under the Last Clear Chance doctrine. Had other instructions not been given in conflict with it, the plaintiff would have had a fair trial of this phase of his case under the law applicable thereto. By in-

struction No. 4, the jury were told that they could not find a verdict for plaintiff unless they should find from a preponderance, or the great weight of the testimony, that the injuries of which the plaintiff complains were caused *solely* by some one or more of the negligent acts of the defendant alleged in the complaint.

By instruction No. 6, they were told that he could not recover unless they found and believed that the injuries of plaintiff were caused *solely* and proximately by the negligence of the defendant. Instruction No. 10 reads:

"You are instructed that the rule of law is that where both parties to an action are negligent, neither can recover.

You are instructed that if the plaintiff herein might, by the exercise of ordinary care for his own safety, have avoided the accident to himself herein involved and that he failed to exercise such ordinary care, then you should return a verdict for the defendant, even though you should further find and believe from the evidence that the defendant was also guilty of negligence at the time of the accident."

Instruction No. 14 reads:

"You are instructed that you cannot find a verdict for the plaintiff if you shall find and believe from a preponderance of the evidence that the plaintiff might, by the exercise of ordinary care for his own safety, have avoided the accident to himself herein involved."

The substance of this instruction is repeated in instructions Nos. 15, 16 and 17, but in these latter there is an attempt to apply the plaintiff's lack of care with the defendant's version of the case pertaining to plaintiff's contributory negligence, outside of the Last Clear Chance doctrine; whether for this reason they would not be in conflict with instruction No. 7 need not be determined. The same contention pertaining to instructions 4 and 6 can be likewise disposed of. Instructions 10 and 14 declare but abstract principles of law, which, by the jury, could have been applied to the testimony pertaining to the Last Clear Chance doctrine, just as consistent as to any other portion of the testimony. When thus applied, they are in direct conflict

with instruction No. 7. This makes it impossible to say which of the instructions the jury followed concerning the Last Clear Chance doctrine, for which reason the verdict cannot stand.

*Colorado Co. v. McGeorge,* 46 Colo. 15, 102 Pac. 747, 133 Am. St. Rep. 43, 17 Ann. Cas. 880; *San Miguel C. G. M. Co. v. Stubbs,* 39 Colo. 359, 90 Pac. 842; *Garver v. Garver,* 52 Colo. 227, 121 Pac. 165, Ann. Cas. 1913D, 674; *Nutt v. Davison,* 54 Colo. 586, 131 Pac. 390, 44 L. R. A. (N. S.) 1170; *Arnett v. Huggins,* 18 Colo. App. 115, 70 Pac. 765.

In Vol. 14, Ruling Case Law, at page 777, it is said:

"Where instructions give to the jury contradictory and conflicting rules for their guidance, which are unexplained, and following either of which would or might lead to different results, then the instructions are inherently defective and erroneous. And this is true though one of the instructions correctly states the law as applicable to the facts of the case. The reason for this is that where the instructions on a material point are contradictory, it is impossible for the jury to decide which should prevail, and it is equally impossible, after the verdict, to know that the jury was not influenced by that instruction which was erroneous, as the one or the other must necessarily be, where the two are repugnant. A further reason is that conflicting and contradictory instructions in effect leave the jury without instructions to guide them with reference to the law arising upon the evidence in the cause."

In Vol. 38, Cyc. at page 1604, it is said:

"Conflicting or contradictory instructions furnish no correct guide to the jury, and the giving thereof is erroneous; and it is of course proper for the court to refuse requested instructions affected with this vice. Instructions of this character are misleading, as the jury are not supposed to know when the judge states the law correctly and when incorrectly, and they should not be left to reconcile conflicting principles of law. . . . Where instructions are inconsistent with or contradict each other, it is usually impossible to say whether the jury was controlled by the one or the other."

The foregoing reasons are applicable to the instruction here. By instruction 7 the jury were told as a matter of law that it was the duty of the motorman to exercise reasonable care, etc., and that under certain conditions therein named, that their verdict should be for the plaintiff, even though they found, etc., that the plaintiff negligently placed himself in a dangerous proximity to the car, etc. This instruction, 'tis true as counsel contend, was based upon the plaintiff's versions of the fact pertaining to the negligence of the defendant's agents under the Last Clear Chance doctrine, even though the plaintiff was negligent in the first instance, but by instruction No. 10 the jury were told that the rule of law is that where both parties to an accident are negligent, neither can recover, and that if the plaintiff, by the exercise of ordinary care for his own safety, could have avoided the accident, and that he failed to exercise ordinary care, that their verdict should be for the defendant, even though they should further find and believe from the evidence that the defendant was also guilty of negligence at the time of the accident. The first paragraph of this instruction was not tied to any state of facts; concerning it the jury were left to conjecture as to whether the declaration of law under the Last Clear Chance doctrine as set forth in instruction No. 7 was to be followed, or this declaration of law in No. 10, which is in absolute conflict with No. 7. The remaining portion of instruction No. 10, if applicable to any state of facts at all, must be those upon which No. 7 is based. It in effect tells the jury that the plaintiff cannot recover under the Last Clear Chance doctrine, hence is in conflict with it, for by the one they are told that he can recover, even though he was negligent, if the defendant's agents in the exercise of ordinary care knew or could have known that he was in danger and could have avoided it. While by this latter instruction they are, in substance, told that if he was guilty of negligence, and failed to exercise ordinary care, then their verdict should be for the defendant, even though they found and believed that the defendant was also guilty of negligence at the time of the accident.

We agree with counsel that a litigant is entitled to instructions fairly presenting to the jury the law applicable to the testimony which tends to support his theory of the case, and that in charging the jury the court may properly present the law covering the various phases of the case suggested by the evidence, although such opposing phases are inconsistent with each other; but we cannot agree that conflicting instructions may be given which must be applied to the same facts, wherein the jury in one are told that if they so find the plaintiff can recover, when in another they are told that if they arrive at the same finding the plaintiff cannot recover.

Plaintiff's theories of this case are: first, that he acted with due diligence, and that the accident was caused through the sole negligence of the defendant. Second, that although he was negligent and had placed himself in a position of peril, that such fact was known, or, in the exercise of reasonable care, could have been known, to the employes of the defendant in charge of the car in time to have enabled them, by the exercise of reasonable care, to have avoided the accident, which they did not do. The defendant's theory is that the plaintiff was negligent in placing himself in a position of peril, in this, that when near the track, but in a place of safety, and when he knew, or by the exercise of reasonable care, could have known that the car was approaching the crossing, that he suddenly lashed his horses so close in front of the car that it was impossible for the motorman to prevent the car striking him, although the motorman did everything he could in order to avoid the inevitable accident. In other words, that the accident was caused solely through the negligence of the plaintiff and that there was no negligence upon the part of the defendant's employes, for the reason that when they discovered the dangerous position of the plaintiff they did everything in their power to avoid the accident and were at all times in the exercise of due care. This being the defendant's theory, it was its right to have the jury instructed that if they found the facts to be according to that theory, the

plaintiff could not recover, and it was their duty to have offered instructions accordingly. This they failed to do, but in lieu thereof offered numerous instructions containing but abstract principles of law, which makes it impossible to know by which instructions the jury were controlled in reaching their verdict. We would again suggest the wisdom of trial courts following the repeated recommendations of this court in giving fewer instructions, as well as limiting the declarations of law, without unnecessary repetition, to those applicable to the facts of the case.

Other assignments of error are urged. As the judgment must be reversed for the reasons stated they will not be determined. The former opinion will be withdrawn and the petition for rehearing denied.

Judgment reversed.

Decision *en banc.*

Chief Justice White and Mr. Justice Bailey dissent.

Decided March 5, A. D. 1917. Rehearing denied November 5, A. D. 1917.